MARTIN, Chief Judge.
Defendant Martin Scott MacDonell pled guilty pursuant to a plea agreement to trafficking in drugs by possession; selling and delivering schedule III controlled substance, trafficking in drugs by sale, trafficking in drugs by delivery, possession with intent to sell or deliver schedule III controlled substance, trafficking in drugs by transport, possession with intent to manufacture, sell or deliver schedule IV controlled substance; selling and delivering schedule IV controlled substance; possession with intent to manufacture, sell or deliver schedule I controlled substance; selling and delivering schedule I controlled substance; possession of schedule II controlled substance and possession of drug paraphernalia. The plea agreement provided that the State would reduce all of the Class E felony trafficking charges to lesser included Class F felony charges, and the sentences would be consolidated into one Class F felony trafficking charge with all the remaining charges in district court dismissed. In accordance with the plea agreement, the trial court consolidated the offenses into one Class F felony trafficking charge and sentenced defendant to seventy to eighty-four months imprisonment. Defendant appeals.
Defendant's counsel states that "[a]fter due inquiry, and serious consideration of the Transcript and Record, relevant law, and after consultation with the Appellate Defender, counsel has been unable to identify an issue with sufficient merit to support a meaningful argument for relief on appeal" and asks this Court to review the record for possible prejudicial error.
Counsel has shown to the satisfaction of this Court that she has complied with the requirements of Anders v. California, 386 U.S. 738, 18 L. Ed. 2d 493, reh'g denied, 388 U.S. 924, 18 L. Ed. 2d 1377 (1967), and State v. Kinch, 314 N.C. 99, 331 S.E.2d 665 (1985), by advising defendant of his right to file written arguments with this Court and providing him with documents necessary for him to do so. Defendant has not filed any written arguments on his own behalf with this Court, and a reasonable time in which he could have done so has passed.
In accordance with Anders, we must fully examine the record to determine whether any issues of arguable merit appear therefrom or whether the appeal is wholly frivolous. We conclude the appeal is wholly frivolous. In reaching this conclusion, we have conducted our own examination of the record for possible prejudicial error under N.C. Gen. Stat. § 15A-1444 and have found none. Furthermore, we decline to treat defendant's brief as a petition for writ of certiorari to review issues which are outside the scope of defendant's limited appeal. See State v. Dickson, 151 N.C. App. 136, 564 S.E.2d 640-41 (2002) (providing that "[w]hile N.C. Gen. Stat. § 15A-1444(e) allows a defendant to petition for writ of certiorari," the appellate court was limited by N.C.R. App. P. 21 to issuing a writ of certiorari in appropriate circumstances "to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal had been lost by failure to take timely action, or when no right of appeal from an interlocutory order existed, or for review pursuant to N.C. Gen. Stat. 15A-1422(c)(3) of an order of the trial court denying a motion for appropriate relief").
Affirmed.
Judges McCULLOUGH and CALABRIA concur.
Report per Rule 30(e).