STATE OF NORTH CAROLINA v. TEDDY LEE WALL

No. 417PA97

(Filed 30 July 1998)

1. **Burglary and Unlawful Breakings § 173 (NCI4th)— burglary—sentencing—defendant on parole for prior offenses —plea bargain—sentence consecutive**

The trial court erred by directing that defendant's sentence be served concurrently rather than consecutively where defendant received a ten-year sentence for larceny and breaking and entering in 1989, with probation; defendant's parole was revoked; he was subsequently paroled again and the parole was again revoked; before the notice of the last parole revocation reached the Department of Correction, defendant entered into a plea agreement for second-degree burglary, larceny, and breaking or entering which called for a consolidated judgment of twenty-five years; the agreement and judgment did not provide for a consec-

utive or concurrent sentence; the Department of Correction eventually modified defendant's record to reflect that the last sentence was to be consecutive pursuant to N.C.G.S. § 14-52; and defendant filed a motion for appropriate relief which was granted. In accord with the plain meaning of N.C.G.S. § 14-52 (effective until 1 January 1995), defendant's sentence for burglary could commence only at the expiration of the 1989 sentence because he was already serving the 1989 sentence.

**2. Criminal Law § 131 (NCI4th Rev.)— plea agreement—burglary—concurrent sentence—defendant entitled to benefit of bargain—defendant not entitled to specific performance**

A defendant who entered into a plea agreement in 1994 under which several 1993 cases, including burglary, were consolidated for judgment was entitled to the benefit of his bargain where defendant, his attorney, and the prosecutor understood that the 1994 sentence was to run concurrently with the sentence defendant was already serving. However, defendant is not entitled to specific performance because that would violate the law of the state. Defendant may withdraw his plea and proceed to trial or attempt to negotiate another agreement that does not violate N.C.G.S. § 14-52.

On writ of certiorari pursuant to N.C.G.S. § 7A-32(b) to review an order entered by Caldwell, J., on 7 January 1997 in Superior Court, Gaston County, allowing defendant's motion for appropriate relief and ordering that defendant's sentences be served concurrently, not consecutively. Heard in the Supreme Court 12 February 1998.

*Michael F. Easley, Attorney General, by Elizabeth F. Parsons, Assistant Attorney General, for the N.C. Department of Correction petitioner-appellant.*

*Henry L. Fowler, III, for defendant-appellee.*

*North Carolina Prisoner Legal Services, Inc., by Winnifred H. Dillon, amicus curiae.*

FRYE, Justice.

In this case we decide: (1) whether the superior court's order directing that defendant's sentences be served concurrently was in violation of N.C.G.S. § 14-52, and (2) whether defendant is entitled to a remedy for his reliance on the validity of his plea agreement.

STATE v. WALL

[348 N.C. 671 (1998)]

This case developed as follows: On 12 December 1989, defendant received a ten-year suspended sentence upon his plea of guilty to several charges of larceny and breaking and entering and was placed on supervised probation. On 16 July 1991, defendant's probation was revoked, and his ten-year suspended sentence was activated. On 5 August 1992, the North Carolina Parole Commission gave notice of its intent to parole defendant from the activated sentence, and he was subsequently paroled. On 30 December 1993, defendant's parole was again revoked, reactivating his 1989 sentence.

On 26 July 1994, defendant entered into a plea agreement in case number 93CRS5858 to the offenses of second-degree burglary and felonious larceny and in case number 93CRS28258 to felonious breaking or entering and felonious larceny under which it was agreed that the two cases would be "consolidated for judgment and Defendant sentenced to twenty-five years in NCDOC [the North Carolina Department of Correction ]." The agreement did not say whether the sentence should be served consecutively or concurrently with any sentences defendant was then obligated to serve. The trial court accepted defendant's plea and entered judgment that "defendant be imprisoned for a term of twenty-five (25) years in the custody of the N.C. Department of Correction." The judgment did not specifically provide for a consecutive or concurrent sentence.

When the 30 December 1993 notice of parole revocation was ultimately received by the Department of Correction, defendant's combined inmate record was modified to reflect that the 26 July 1994 sentence was to be served consecutive to the 1989 sentence as required by N.C.G.S. § 15A-1354(a) and § 14-52. Thereafter, defendant's trial counsel, David Childers, wrote to the Department of Correction requesting that the sentences for the 1989 and 1993 offenses run concurrently since nothing in the judgment or plea transcript justified consecutive terms. The Department of Correction replied in writing to Childers that defendant's sentences "were set up according to Statute 14-51 [sic], punishment for [b]urglary." The Department of Correction's letter further explained:

[Defendant] began his 10 years sentence on July 16, 1991 and was not convicted until July 26, 1994 on his Second Degree Burglary.

Therefore[,] according to Statutes, it was to begin at expiration of any and all sentences.

In October 1996, defendant filed a motion for appropriate relief. The Department of Correction was neither served with notice of nor represented at the hearing on the motion. Judge Jesse B. Caldwell granted the motion for appropriate relief. In an order entered 7 January 1997, the court found as fact:

> the Defendant entered into a plea agreement on July 26, 1996 [sic] in cases 93 CRS 5858 and 28258 under which it was agreed that the two sentences in the two cases would be consolidated for Judgment and the Defendant would be sentenced to 25 years in the North Carolina Department of Corrections, a copy of the plea agreement having been attached to the Defendant's Motion; that there was nothing in the Judgment of the court that stated that the sentences should be served consecutively; but, the Defendant was notified by the Department of Corrections and the Defendant's attorney was informed by the Department of Corrections that the sentences were to be served consecutively rather than concurrently; that it was Defendant's understanding as well as the understanding of the Defendant's attorney that the sentences would run concurrently, and that was a large reason for the Defendant entering into the plea that he entered into; Assistant District Attorney Charles Hubbard having reviewed the matter, has consented and agreed to the Defendant's position that said sentences were to be served concurrently and not consecutively.

Based on these findings, the court concluded as a matter of law that defendant's sentences should be served concurrently and ordered that defendant's sentences in cases 89CRS17941 through 17956 and 17978 and 93CRS5858 and 28258 "shall all be served concurrently, not consecutively."

On 8 July 1997, the Department of Correction filed a petition for writ of certiorari in the Court of Appeals requesting review of the superior court's order. On 28 July 1997, the Court of Appeals dismissed the petition.

On 22 August 1997, the Department of Correction filed a petition for writ of certiorari in this Court, which was allowed on 2 October 1997.

[1] N.C.G.S. § 15A-1354 deals with concurrent and consecutive terms of imprisonment. Subsection (a) provides:

> (a) Authority of Court.—When multiple sentences of imprisonment are imposed on a person at the same time or when a term

of imprisonment is imposed on a person who is already subject to an undischarged term of imprisonment, including a term of imprisonment in another jurisdiction, the sentences may run either concurrently or consecutively, as determined by the court. *If not specified or not required by statute to run consecutively, sentences shall run concurrently.*

N.C.G.S. § 15A-1354(a) (1997) (emphasis added). Under this statute, sentences run concurrently unless the judgment specifies consecutive sentences or unless consecutive sentences are required by statute.

The Department of Correction notes that, under former N.C.G.S. § 14-52, consecutive sentences are required for burglary convictions. It is, therefore, applicable in this case. That statute provided, in pertinent part, as follows:

### § 14-52. Punishment for burglary.

... Sentences imposed pursuant to this section shall run consecutively with and shall commence at the expiration of any sentence being served by the person sentenced hereunder.

N.C.G.S. § 14-52 (1993) (effective until 1 January 1995).

This Court has previously considered the requirement of N.C.G.S. § 14-52 that sentences for burglary must commence at the expiration of any other sentence then being served. *See State v. Warren*, 313 N.C. 254, 328 S.E.2d 256 (1985). In that case, the defendant contended that under the statute, the only time a trial court was "required to enter a burglary sentence consecutive to another sentence [was] when that other sentence was also imposed for burglary." *Id.* at 265, 328 S.E.2d at 264. This Court disagreed, stating as follows:

The last sentence of N.C.G.S. 14-52 is clear and unambiguous. In such cases judicial construction is not permitted and the courts must give the statute its plain and definite meaning. The plain meaning of N.C.G.S. 14-52 is that a term imposed for burglary under the statute is to run consecutively with *any other sentence* being served by the defendant.

*Id.* (citations omitted).

This Court's holding in *Warren* compels the conclusion that in the instant case, the court was bound to issue its order in accordance with the plain meaning of N.C.G.S. § 14-52. Because defendant was

**STATE v. WALL**

[348 N.C. 671 (1998)]

already serving the 1989 sentence, his 1994 sentence for second-degree burglary could commence only at the expiration of the 1989 sentence he was then serving. The court's order directing that defendant's sentences be served concurrently rather than consecutively was in violation of N.C.G.S. § 14-52 and must, therefore, be vacated.

[2] Next, we address whether defendant in this case is entitled to a remedy for his reliance on the validity of his plea agreement. The record reflects that on 26 July 1994, defendant entered into a plea agreement under which the 1993 cases would be consolidated for judgment and defendant would be sentenced to twenty-five years in prison. Defendant, his attorney, and the prosecutor understood that the 1994 sentence was to run concurrently with the sentence defendant was already serving.

In *State v. Collins*, 300 N.C. 142, 265 S.E.2d 172 (1980), this Court stated:

> When viewed in light of the analogous law of contracts, it is clear that plea agreements normally arise in the form of unilateral contracts. The consideration given for the prosecutor's promise is not defendant's corresponding promise to plead guilty, but rather is defendant's actual performance by so pleading.

*Id.* at 149, 265 S.E.2d at 176. In the instant case, defendant's plea of guilty was consideration given for the prosecutor's promise. He was entitled to receive the benefit of his bargain. However, defendant is not entitled to specific performance in this case because such action would violate the laws of this state. Nevertheless, defendant may avail himself of other remedies. He may withdraw his guilty plea and proceed to trial on the criminal charges. He may also withdraw his plea and attempt to negotiate another plea agreement that does not violate N.C.G.S. § 14-52.

For the reasons stated herein, we vacate the Superior Court's order of 7 January 1997 and remand to the Superior Court, Gaston County, for further proceedings not inconsistent with this opinion.

VACATED AND REMANDED.