STATE OF NORTH CAROLINA v. ERNEST ELLIS, Defendant

No. COA03-1065

(Filed 7 December 2004)

**1. Sentencing— trial court's authority over DOC—motion for appropriate relief**

The court's authority to order the Department of Correction to change its records to reflect the trial court's entry of a sentence is not affected by the defendant's use of a motion for appropriate relief rather than a civil suit naming DOC as a party. While DOC is not a formal party to criminal proceedings, the statutory scheme established by the Legislature relies upon DOC to carry out the punishment imposed by the court.

**2. Sentencing— erroneous sentence—correction by DOC— separation of powers**

An erroneous criminal sentence is voidable, not void, and the Department of Correction usurped the power of the judiciary and violated separation of powers by ignoring the court's directive to show this defendant's armed robbery sentence as concurrent rather than consecutive.

Appeal by petitioner North Carolina Department of Corrections from order entered 10 July 2003 by Judge William C. Gore in Bladen County Superior Court. Heard in the Court of Appeals 28 April 2004.

*Attorney General Roy Cooper, by Assistant Attorney General Elizabeth F. Parson, for petitioner-appellant North Carolina Department of Corrections.*

*North Carolina Prisoner Legal Services, Inc., by Winifred H. Dillon and Susan H. Pollitt, for respondent-appellee.*

**STATE v. ELLIS**

[167 N.C. App. 276 (2004)]

ELMORE, Judge.

The relevant facts and procedural history of this appeal are as follows: On 21 May 1991, Ernest Ellis entered a plea of guilty in Wilson County Superior Court to one count of attempted armed robbery and was sentenced to a term of eighteen years imprisonment. Also on that date, Ellis' probation for two counts of breaking and entering, and larceny was revoked and his ten-year prison sentence activated, which the Judgment and Commitment specified was to run concurrently with his eighteen-year sentence for attempted armed robbery.

Thereafter, on 15 January 1992, Ellis entered a plea of guilty in Bladen County Superior Court to one count of armed robbery and received a sentence of fourteen years imprisonment. Ellis was already serving his sentences from the aforementioned Wilson County plea arrangements at the time he entered the Bladen County plea agreement. The Bladen County Superior Court's judgment, as reflected by both the court's pronouncement of judgment at the plea hearing and the subsequently-entered judgment and commitment form, did not specify whether the fourteen-year sentence imposed by the Bladen County judgment was to run consecutively or concurrently to the eighteen-year sentence imposed by the Wilson County judgments.

On 13 March 1997, Ellis filed a *pro se* Motion for Appropriate Relief with respect to the Bladen County judgment, asserting, among other things, that petitioner North Carolina Department of Corrections' (DOC) records reflected his sentence on the Bladen County judgment as running consecutively with his sentence on the Wilson County judgments, despite his expectation upon entering the Bladen County plea agreement that the sentences were to run concurrently. By order entered 15 April 1997, the trial court found "the commitment does not require that the sentence is to run consecutive to any other sentence," concluded "as a matter of law[] that the sentence . . . was to run concurrently," and ordered DOC to "show this sentence running concurrently with any other sentence the defendant was presently serving at the time of January 15th, 1992." By letter dated 10 September 1997, an assistant North Carolina Attorney General, as counsel for DOC, requested information about the circumstances of the 15 April 1997 order from the district attorney for the Thirteenth Prosecutorial District, which includes Bladen County. Meanwhile, DOC failed to comply with the trial court's order to change its records to show Ellis's sentences as running concurrently.

The record reflects no further action was taken by any party in this matter until July 2002, when counsel for DOC and counsel for Ellis exchanged letters arguing the validity of the trial court's 15 April 1997 order. Thereafter, on 26 September 2002, Ellis filed a "Motion to Vacate Order Denying Motion for Appropriate Relief and Motion for Reconsideration," requesting therein that the trial court reconsider Ellis's sentence on the Bladen County judgment. On 28 April 2003, the trial court entered a "Notice of Hearing" stating its intent to "hear argument from all interested parties regarding the Motion for Appropriate Relief and the April 15, 1997, ORDER entered thereupon" on 8 May 2003. The Notice of Hearing did not direct that a copy be served on DOC or the Attorney General's office.

At the 8 May 2003 hearing, Ellis was represented by counsel and the State was represented by an assistant district attorney. DOC was not represented at the hearing, although the assistant district attorney advised the trial court that a copy of the Notice of Hearing and the case file had been faxed to the Attorney General's office. Following the hearing, the trial court made oral findings of fact and conclusions of law, which were reduced to writing in an order dated 15 May 2003 and entered 10 July 2003. This order provided, in pertinent part, as follows:

> 3. From the record, the motion, and affidavits submitted by the defendant, which are uncontested by the State of North Carolina, through the office of the District Attorney of the 13th Judicial District, the Court finds that it was the intent of all the parties that the judgment should run concurrently with the sentence previously imposed and which the defendant was then serving.
>
> . . .
>
> 5. The Court therefore finds and concludes as it has previously noted, with concurrence by the District Attorney's office of the 13th Judicial District, that the defendant Ernest Ellis did in fact enter the plea arrangement in this case with the expectation and understanding that his sentence in Bladen County would run concurrently with the sentence imposed previously, and the Court finds he is entitled to the benefit of his plea arrangement.
>
> 6. As noted, this Court . . . on April 15, 1997, ordered the [DOC] to show this sentence as running concurrently with any other sentence defendant was serving on January 15, 1992. The State of North Carolina has not given notice of appeal of the Court's

April 15, 1997, ORDER requiring the [DOC] to treat these as concurrent sentences.

7. The Court concludes as a matter of law that the [DOC] must honor the judgments as imposed by the judicial branch of government . . . and that any failure to obey this Court's order in regard to the same is not authorized under existing state law.

The trial court then "once again ordered the [DOC to] correct its records to reflect that the judgment imposed in Bladen County . . . run concurrently with the judgment imposed . . . in Wilson County[.]" , DOC petitioned this Court for a writ of certiorari to review this order, which this Court granted on 10 June 2003. The order dated 15 May 2003 is now properly before this Court for review.

[1] DOC first argues that the trial court could not properly order DOC to change Ellis' record to show his sentences as concurrent because "[t]he legislature did not intend a motion for appropriate relief to be a proceeding in which a defendant in a criminal case could obtain relief as against DOC." Specifically, DOC contends that because DOC is not mentioned in Article 89 of Chapter 15A of our General Statutes, which governs motions for appropriate relief, a trial court may not issue orders requiring DOC to take any action resulting from a motion for appropriate relief. We disagree.

Article 89 provides that upon granting a defendant's motion for appropriate relief, the trial court may order a new trial, dismissal of charges, or "[a]ny other appropriate relief[,]" including entry of an "appropriate sentence." N.C. Gen. Stat. § 15A-1417 (2003). While DOC is not a formal party to criminal proceedings, the statutory scheme established by our Legislature to sentence and imprison criminal defendants upon conviction nevertheless relies upon DOC to effectuate the punishment imposed by the court's order. Section 148-4 of our General Statutes provides that "[a]ny sentence to imprisonment in any unit of the State prison system[] . . . shall be construed as a commitment, *for such terms of imprisonment as the court may direct*, to the custody of the Secretary of Correction . . ." N.C. Gen. Stat. § 148-4 (2003) (emphasis added). It is imperative that DOC's records accurately reflect a prisoner's "terms of imprisonment" in order for DOC to fulfill its statutory mandate to confine prisoners for such periods "as the court may direct." It stands to reason that where a trial court enters an "appropriate sentence" pursuant to a criminal defendant's motion for appropriate relief, the trial court's authority to order DOC to change its records to reflect the trial court's entry of the

"appropriate sentence" is unaffected by the criminal defendant's choice of a motion for appropriate relief, rather than a civil suit naming DOC as a party defendant, to achieve this outcome. DOC's argument to the contrary is without merit.

**[2]** DOC next argues that the trial court lacked the authority to order DOC to change Ellis's combined record to reflect a concurrent sentence on the Bladen County judgment, regardless of whether the order was entered pursuant to a motion for appropriate relief or a civil action, because North Carolina law as it existed upon entry of the Bladen County judgment prohibited Ellis from receiving a concurrent sentence for armed robbery.

Section 15A-1354 of our General Statutes provides as follows regarding concurrent and consecutive terms of imprisonment:

(a) Authority of Court.—When multiple sentences of imprisonment are imposed on a person at the same time or when a term of imprisonment is imposed on a person who is already subject to an undischarged term of imprisonment, including a term of imprisonment in another jurisdiction, the sentences may run either concurrently or consecutively, as determined by the court. *If not specified or not required by statute to run consecutively, sentences shall run concurrently.*

N.C. Gen. Stat. § 15A-1354(a) (2003) (emphasis added). Thus, if a judgment imposed upon a defendant who is already serving another sentence does not specify whether the sentence is to be consecutive or concurrent, the sentences run concurrently unless consecutive sentences are required by statute.

Under the version of N.C. Gen. Stat. § 14-87 in effect in 1992, when Ellis entered his plea of guilty to armed robbery, that offense was punishable by a term of imprisonment which the statute required "shall run consecutively with and shall commence at the expiration of" any other sentence then being served by the offender. N.C. Gen. Stat. § 14-87(d) (1992) (effective until 1 October 1994). Thus, when Ellis pled guilty to armed robbery in 1992 while already serving another sentence, the fourteen-year sentence he received pursuant to the plea arrangement was required by then-existing law to run consecutively with the eighteen-year sentence Ellis was already serving, notwithstanding the 1992 judgment's failure to specify whether the sentences were to be consecutive or concurrent. DOC contends the trial court erred by directing DOC to change Ellis's combined inmate

record to reflect a concurrent sentence for the armed robbery judgment, since a concurrent sentence violates state law as it existed when Ellis's plea was entered.

Our Supreme Court addressed this issue, presented on almost identical relevant facts, in *State v. Wall*, 348 N.C. 671, 502 S.E.2d 585 (1998). In *Wall*, the defendant entered a plea arrangement whereby he consolidated his burglary and breaking and entering cases and received a twenty-five-year sentence, while already serving a prison sentence for a previous offense. Although the defendant, defense counsel, and the assistant district attorney agreed that the twenty-five-year sentence would be served concurrently, neither the plea agreement nor the resulting judgment specified whether the sentence was to be served concurrently or consecutively. DOC thereafter recorded the defendant's sentence as providing consecutive terms of imprisonment, and upon the defendant's inquiry, informed him that he was statutorily required to serve a consecutive sentence for the offense to which he pled guilty. After the defendant filed a motion for appropriate relief, the trial court concluded that, based on the terms of his plea arrangement, the defendant was entitled to serve concurrent rather than consecutive sentences. Our Supreme Court then reviewed the trial court's order pursuant to DOC's petition for writ of certiorari and vacated the order, concluding that because the defendant was required by statute to serve consecutive sentences, the trial court lacked authority to order otherwise. The *Wall* Court then stated as follows:

> In the instant case, defendant's plea of guilty was consideration given for the prosecutor's promise. He was entitled to receive the benefit of his bargain. However, defendant is not entitled to specific performance in this case because such action would violate the laws of this state. Nevertheless, defendant may avail himself of other remedies. He may withdraw his guilty plea and proceed to trial on the criminal charges. He may also withdraw his plea and attempt to negotiate another plea agreement that does not violate [the relevant statute].

*Wall*, 348 N.C. at 676, 502 S.E.2d at 588.

In the present case we conclude, as did our Supreme Court in *Wall*, that because defendant was statutorily required to serve a consecutive sentence for armed robbery, the trial court's order directing that Ellis serve a concurrent sentence on the Bladen County judgment was erroneous. *Wall*, 348 N.C. at 675-76, 502 S.E.2d at 588. However,

this does not resolve the central question presented by the present appeal, that being whether the trial court erred by *ordering DOC to change its records* to show concurrent rather than consecutive sentences for Ellis.

In *Hamilton v. Freeman,* 147 N.C. App. 195, 204, 554 S.E.2d 856, 861 (2001), *disc. review denied,* 355 N.C. 285, 560 S.E.2d 803 (2002), this Court held that the trial court did not err by ordering DOC to record the defendants' sentences as concurrent where they were so indicated on the face of the judgments, despite the fact that the defendants were statutorily ineligible for concurrent sentences. In so holding, the *Hamilton* Court reasoned as follows:

> "The superior court has exclusive, original jurisdiction over all criminal actions not assigned to the district court division . . . ." N.C. Gen. Stat. § 7A-271(a) (1999). It is well established that a judgment of a Superior Court must be honored unless the judgment is void. Where a court has authority to hear and determine the questions in dispute and has control over the parties to the controversy, a judgment issued by the court is not void, even if contrary to law. Such a judgment is voidable, but not void *ab initio,* and is binding until vacated or corrected. Defendants do not argue that the trial courts that originally sentenced plaintiffs lacked jurisdiction. Because the sentencing courts had authority over the disputes and control over the parties, the resulting judgments were not void and must be honored as received by DOC.

> Furthermore, we note that "[t]he legislative, executive, and supreme judicial powers of the State government [are] . . . separate and distinct from each other." N.C. Const. art. I, § 6. The Department of Correction is a part of the executive branch of North Carolina. *By independently amending judgments to reflect compliance with DOC's interpretation of statutory authority, DOC has usurped the power of the judiciary, thereby violating separation of powers.*

*Hamilton,* 147 N.C. App. at 204, 554 S.E.2d at 861 (citations omitted) (emphasis added).

We find *Hamilton* instructive in the present case. Here, as there, the superior court had authority to hear and determine the questions in dispute and had control over the parties, such that the trial court's judgment, although contrary to then-existing law, was not void. Moreover, we conclude that by ignoring the trial court's

directive to show Ellis's sentences as concurrent rather than consecutive, "DOC has usurped the power of the judiciary, thereby violating separation of powers." *Id.*; *see also State v. Bowes*, 159 N.C. App. 18, 25, 583 S.E.2d 294, 299 (2003) ("The North Carolina Constitution, specifically Article IV, section 3, does not permit an administrative agency of the executive branch to exercise appellate review of decisions of the General Court of Justice"), *disc. review denied*, 358 N.C. 156, 592 S.E.2d 699 (2004). Accordingly, we hold that the trial court did not err in ordering DOC to change its records to show Ellis's sentences as concurrent, as this order is binding upon DOC until it is vacated or corrected.

Affirmed.

Judges BRYANT and GEER concur.