STATE OF NORTH CAROLINA v. ERNEST ELLIS

No. 638PA04

(Filed 26 January 2007)

## 1. Appeal and Error— Supreme Court jurisdiction—review of Court of Appeals MAR decision

The Supreme Court had jurisdiction to review the decision of the Court of Appeals regarding defendant's motion for appropriate relief (MAR), because: (1) while N.C.G.S. §§ 7A-28(a) and 7A-31 ordinarily preclude the Supreme Court's review of Court of

Appeals decisions on MARs in noncapital cases, a statute cannot restrict the Supreme Court's constitutional authority under Article IV, Section 12, Clause 1 of the North Carolina Constitution to exercise jurisdiction to review upon appeal any decision of the courts below; (2) the Supreme Court will not hesitate to exercise its rarely used general supervisory authority when necessary to promote the expeditious administration of justice, and may do so to consider questions which are not properly presented according to its rule; and (3) the exercise of its supervisory authority is particularly appropriate when, as here, prompt and definitive resolution of an issue is necessary to ensure the uniform administration of North Carolina's criminal statutes.

2. **Sentencing— concurrent versus consecutive—erroneous plea agreement—attempted armed robbery—armed robbery**

The Court of Appeals erred by failing to vacate the superior court's 10 July 2003 order allowing defendant's eighteen-year sentence for attempted robbery with a dangerous weapon and fourteen-year sentence for robbery with a dangerous weapon to run concurrently, and by failing to remand the case for the proceedings described in *State v. Wall*, 348 N.C. 671 (1998), because: (1) at the time defendant entered his guilty plea on the charge of armed robbery, N.C.G.S. § 14-87(d) required that a term of imprisonment for armed robbery run consecutively with and commence at the expiration of any other sentence being served by the offender; (2) the imposition of a concurrent sentence for this offense was contrary to law since it provided for specific performance of the illegal 1992 plea arrangement; (3) ever since defendant's initial filing of his pro se MAR, he has continuously admitted that the superior court order imposing such a sentence was contrary to the governing statute; (4) the Court of Appeals explicitly recognized that the superior court erred by imposing a concurrent sentence, but neglected to proceed with the necessary step of vacating the erroneous order; and (5) the State's promise cannot be kept, and thus according to *Wall*, defendant can either withdraw his guilty plea and proceed to trial on the criminal charges, or he may also withdraw his plea and attempt to negotiate another plea agreement that does not violate former N.C.G.S. § 14-87(d).

Justices TIMMONS-GOODSON and HUDSON did not participate in the consideration or decision of this case.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 167 N.C. App. 276, 605 S.E.2d 168 (2004), affirming an order entered on 10 July 2003 by Judge William C. Gore in Superior Court, Bladen County. Heard in the Supreme Court 19 October 2005.

> *Roy Cooper, Attorney General, by Elizabeth F. Parsons, Assistant Attorney General, for petitioner-appellant North Carolina Department of Correction.*

> *Carolina Legal Assistance, by Susan H. Pollitt; and Winifred H. Dillon for respondent-appellee.*

MARTIN, Justice.

The questions raised by the instant case were resolved by this Court in *State v. Wall,* 348 N.C. 671, 502 S.E.2d 585 (1998). We therefore apply *Wall* and reverse the Court of Appeals.

On 21 May 1991, defendant Ernest Ellis pled guilty in Wilson County Superior Court to one count of attempted robbery with a dangerous weapon (attempted armed robbery) and received an active sentence of eighteen years. At the time of the offense, defendant was on probation for two counts of breaking, entering and larceny, offenses he committed on 25 July 1988. Defendant's probation was revoked as a result of the attempted armed robbery, and a ten-year prison sentence for his 1988 offenses was activated. The Wilson County judgment revoking defendant's probation specified that the ten-year activated sentence was to run concurrently with the eighteen-year sentence for attempted armed robbery.

Soon after defendant began serving these sentences, he was charged with one count of robbery with a dangerous weapon (armed robbery) in Bladen County. Defendant pled guilty to the armed robbery on 13 January 1992, and the Bladen County Superior Court sentenced him to an active sentence of fourteen years. In exchange for defendant's guilty plea, the state agreed to dismiss all other pending charges and recommend that defendant's fourteen-year sentence run concurrently with the eighteen-year sentence he was already serving.

The Bladen County Superior Court sentenced defendant, but neither the court's pronouncement of judgment at the plea hearing nor the judgment and commitment entered 15 January 1992 specified whether the fourteen-year sentence was to run concurrently or consecutively. At the time defendant entered his plea, the General

Statutes required that any term of imprisonment for armed robbery "run consecutively with and . . . commence at the expiration of" any other sentence being served by the offender. N.C.G.S. § 14-87(d) (1993) (repealed effective 1 January 1995). Consequently, the North Carolina Department of Correction (DOC) received the Bladen County judgment and commitment and recorded the sentence pursuant to statute as consecutive to the eighteen-year active term defendant was currently serving for attempted armed robbery.

At some point defendant discovered that the consecutive sentence required by statute was not the agreed-upon sentence for which he had exchanged a guilty plea, and he filed a *pro se* motion for appropriate relief (MAR) on 13 March 1997. Defendant contended that regardless of N.C.G.S. § 14-87(d), his sentences should run concurrently because that was his understanding when he pled guilty to armed robbery in Bladen County. The Bladen County Superior Court accepted defendant's argument and concluded in an order entered on 15 April 1997 that defendant's sentences should run concurrently.

The following year in *State v. Wall*, this Court considered the precise issue raised in defendant's MAR and confronted by the Bladen County Superior Court. *See Wall*, 348 N.C. 671, 502 S.E.2d 585. Wall had pled guilty to two counts of felonious larceny and one count each of second-degree burglary and felonious breaking or entering, in exchange for an agreement that the twenty-five-year consolidated sentence imposed for these crimes would run concurrently with a ten-year sentence he was already serving. *Id.* at 673-74, 502 S.E.2d at 586-87. The Superior Court did not specify whether the twenty-five-year sentence was to run concurrently or consecutively. *Id.* at 673, 502 S.E.2d at 587.

At the time, however, the General Statutes required sentences imposed for burglary to "run consecutively with and . . . commence at the expiration of any sentence being served." N.C.G.S. § 14-52 (1993) (repealed effective 1 January 1995). Thus, DOC recorded Wall's sentence as consecutive in accordance with N.C.G.S. § 14-52. *Wall*, 348 N.C. at 673, 502 S.E.2d at 587. When Wall discovered that his DOC record did not reflect the concurrent sentence for which he had exchanged a guilty plea, he filed a MAR in Superior Court. *Id.* at 674, 502 S.E.2d at 587. The Superior Court allowed Wall's motion and ordered that his sentence be served concurrently, despite the clear statutory mandate otherwise. *Id.* This Court allowed DOC's petition for writ of certiorari to review the MAR order.

Writing for the Court, then Associate Justice Henry Frye explained that the "order directing that defendant's sentences be served concurrently rather than consecutively was in violation of N.C.G.S. § 14-52 and must, therefore, be vacated." *Id.* at 676, 502 S.E.2d at 588. As for Wall's reliance on the guilty plea agreement, he was "not entitled to specific performance [of the plea agreement] . . . because such action would violate the laws of this state." *Id.* Rather, Wall was entitled to "withdraw his guilty plea and proceed to trial on the criminal charges . . . [or] attempt to negotiate another plea agreement that does not violate [the applicable sentencing statute]." *Id.* Accordingly, the Court vacated the Superior Court's order and remanded for further proceedings to afford Wall the opportunity to withdraw his guilty plea. *Id.*

Several years after this Court decided *Wall*, the present defendant filed a motion in Bladen County Superior Court requesting that he be allowed to withdraw his guilty plea. Citing *Wall*, defendant argued that he was entitled to this remedy because the sentence for which he had exchanged his guilty plea was illegal under former N.C.G.S. § 14-87(d). The Superior Court held an evidentiary hearing on defendant's motion as required by N.C.G.S. § 15A-1420(c) and made findings of fact and conclusions of law which were reduced to writing in an order signed on 15 May 2003 and entered on 10 July 2003. This order provided, in pertinent part:

> 3. From the record, the motion, and affidavits submitted by the defendant, which are uncontested by the . . . District Attorney . . . , the Court finds that it was the intent of all the parties that the judgment and sentence imposed [for armed robbery in Bladen County] should run concurrently with the sentence previously imposed and which the defendant was then serving.

Instead of simply allowing for the remedy described in *Wall*, however, the Superior Court granted defendant greater relief than he requested. The Superior Court concluded that "[defendant] is entitled to the benefit of his plea arrangement" and ordered that defendant's sentence for armed robbery in Bladen County "run concurrently with the judgment imposed . . . in Wilson County . . . ."

From this order, DOC filed a petition for writ of certiorari in the Court of Appeals on 21 May 2003. The Court of Appeals ordered full briefing and argument and, on 7 December 2004, affirmed the Superior Court's order. *State v. Ellis*, 167 N.C. App. 276, 605 S.E.2d 168 (2004). We allowed DOC's petition for discretionary review.

STATE v. ELLIS

[361 N.C. 200 (2007)]

[1] Before considering the merits of the instant case, we first address defendant's contention that this Court lacks jurisdiction to review the decision of the Court of Appeals. Defendant cites two statutory provisions indicating that "[d]ecisions of the Court of Appeals upon review of motions for appropriate relief . . . are final and not subject to further review in the Supreme Court by appeal, motion, certification, writ, or otherwise." N.C.G.S. § 7A-28(a) (2005); *see also id.* § 15A-1422(f) (2005) ("Decisions of the Court of Appeals on motions for appropriate relief . . . are final and not subject to further review by appeal, certification, writ, motion, or otherwise."). Defendant also argues that N.C.G.S. § 7A-31 specifically exempts rulings on MARs such as the one in the instant case from discretionary review. *Id.* § 7A-31(a) (2005) ("In any cause in which appeal is taken to the Court of Appeals, except . . . a motion for appropriate relief [in a noncapital case] . . . , the Supreme Court may, in its discretion, . . . certify the cause for review by the Supreme Court, either before or after it has been determined by the Court of Appeals.").

We recognize that the cited statutory provisions ordinarily preclude our review of Court of Appeals decisions on MARs in noncapital cases. Nevertheless, it is beyond question that a statute cannot restrict this Court's constitutional authority under Article IV, Section 12, Clause 1 of the Constitution of North Carolina to exercise "jurisdiction to review upon appeal any decision of the courts below." N.C. Const. art. IV, § 12; *see, e.g., James v. Bartlett,* 359 N.C. 260, 264-65, 607 S.E.2d 638, 641 (2005); *In re Brownlee,* 301 N.C. 532, 548, 272 S.E.2d 861, 870 (1981). As such, "[t]his Court will not hesitate to exercise its rarely used general supervisory authority when necessary to promote the expeditious administration of justice," and may do so to "consider questions which are not properly presented according to [its] rules." *State v. Stanley,* 288 N.C. 19, 26, 215 S.E.2d 589, 594 (1975). This exercise of our supervisory authority is particularly appropriate when, as here, prompt and definitive resolution of an issue is necessary to ensure the uniform administration of North Carolina's criminal statutes.

[2] Having determined that jurisdiction exists in this Court, we now turn to the merits of the instant appeal. DOC argues that the Court of Appeals erred by failing to vacate the Bladen County Superior Court's 10 July 2003 order allowing defendant's sentences to run concurrently, and by failing to remand the case for the proceedings described in *State v. Wall.* We agree.

**STATE v. ELLIS**

[361 N.C. 200 (2007)]

*Wall* controls the disposition of the instant case. At the time defendant entered his guilty plea on the charge of armed robbery, N.C.G.S. § 14-87(d) required that a term of imprisonment for armed robbery "run consecutively with and . . . commence at the expiration of" any other sentence being served by the offender. Therefore, as in *Wall*, the imposition of a concurrent sentence for this offense was contrary to law because it provided for specific performance of the illegal 1992 plea arrangement. Indeed, ever since he initially filed his *pro se* MAR, defendant has continuously admitted that the Superior Court order imposing such a sentence was contrary to the governing statute.

The Court of Appeals also explicitly recognized that the Bladen County Superior Court erred in imposing a concurrent sentence. *Ellis*, 167 N.C. App. at 281, 605 S.E.2d at 172 ("[B]ecause defendant was statutorily required to serve a consecutive sentence for armed robbery, the trial court's order directing that [defendant] serve a concurrent sentence on the Bladen County judgment was erroneous."). The Court of Appeals neglected, however, to proceed with the necessary step of vacating the erroneous order entered on 10 July 2003 by the Bladen County Superior Court. *Wall*, 348 N.C. at 676, 502 S.E.2d at 588 ("The court's order directing that defendant's sentences be served concurrently rather than consecutively was in violation of [statute] *and must, therefore, be vacated.*" (emphasis added)).

Similarly, the Court of Appeals erred in failing to remand defendant's case to Superior Court for the proceedings described in *State v. Wall*. Here, as in *Wall*, defendant and the district attorney executed a plea agreement with the expectation and understanding that defendant's sentence for armed robbery would run concurrently with the active sentence he was already serving. Since the state's promise cannot be kept, however, *Wall* ensures that defendant is entitled to his choice of two remedies: (1) "[h]e may withdraw his guilty plea and proceed to trial on the criminal charges"; or (2) "[h]e may also withdraw his plea and attempt to negotiate another plea agreement that does not violate" former N.C.G.S. § 14-87(d). *Wall*, 348 N.C. at 676, 502 S.E.2d at 588. The Court of Appeals should have remanded defendant's case to Superior Court where he could withdraw his guilty plea and avail himself of the remedies described in *Wall*.

Accordingly, we reverse the decision of the Court of Appeals. We remand this case to the Court of Appeals for remand to the Superior Court with instructions to vacate the 10 July 2003 order of

the Bladen County Superior Court and for further proceedings consistent with this opinion.

REVERSED and REMANDED.

Justices TIMMONS-GOODSON and HUDSON did not participate in the consideration or decision of this case.