STATE OF NORTH CAROLINA v. RAYMOND WATKINS

No. COA07-774

(Filed 15 April 2008)

**Sentencing— below minimum term—concurrent rather than consecutive—right of State to appeal**

The trial court erred by sentencing defendant below the statutory minimum term for financial card theft and by sentencing him to a concurrent rather than consecutive term for being an habitual offender. The State has a right of appeal from a defendant receiving a sentence below the statutory minimum term, but no right to appeal from a concurrent rather than consecutive term. However, the Court of Appeals elected to treat this case as a petition for mandamus in the interest of the administration of justice.

Appeal by the State from judgment entered 5 February 2007 by Judge C. Philip Ginn in Buncombe County Superior Court. Heard in the Court of Appeals 3 March 2008.

*Roy Cooper, Attorney General, by William B. Crumpler, Assistant Attorney General, for the State.*

*Staples Hughes, Appellate Defender, by Benjamin Dowling-Sendor, Assistant Appellate Defender, for defendant-appellee.*

MARTIN, Chief Judge.

On 15 November 2004, defendant pled guilty to financial card theft and having attained habitual felon status. Prayer for judgment was continued until 24 January 2005, when prayer for judgment was further continued until 23 January 2006. According to the record, the State prayed judgment on 5 February 2007, and the trial court adjudged defendant guilty of financial card theft as a habitual felon and sentenced him as a class C felon with a prior record level IV. Defendant was sentenced to imprisonment for a minimum term of 64 months and a maximum term of 86 months. The court also entered findings of extraordinary mitigation and indicated "this sentence is to run concurrently with the federal sentence [defendant] is now serving" and "it is the full intent of this court that this state sentence not exceed beyond [sic] the completion of the federal sentence." The State appeals from the judgment because defendant's sentence is (1)

below the statutory minimum term and (2) made to run concurrently with a federal sentence he is serving.

The State has a right of appeal from a trial court's error in sentencing a defendant below the statutory minimum term. N.C. Gen. Stat. § 15A-1445(a)(3)(c) (2007). Under North Carolina statute, the minimum term of imprisonment for a class C felon in the level IV mitigated range is 80 months and the maximum term is 107 months. N.C. Gen. Stat. § 15A-1340.17(c) (2007). Defendant's sentence to a term of imprisonment of 64 to 86 months is below the minimum prescribed by N.C.G.S. § 15A-1340.17(c). "[T]he General Assembly and not the judiciary determines the minimum and maximum punishment which may be imposed on those convicted of crimes," *State v. Perry,* 316 N.C. 87, 101, 340 S.E.2d 450, 459 (1986); therefore, the trial court must impose the terms of imprisonment set out in the statute. Because the trial court erred in sentencing defendant below the statutory minimum term, the judgment must be vacated and the case must be remanded to the trial court for resentencing in accordance with N.C.G.S. § 15A-1340.17.

We conclude the State has no right of appeal from the trial court's action in sentencing defendant to a concurrent term of imprisonment rather than a consecutive term of imprisonment. "The right of the State to appeal in a criminal case is statutory, and statutes authorizing an appeal by the State in criminal cases are strictly construed." *State v. Elkerson,* 304 N.C. 658, 669, 285 S.E.2d 784, 791 (1982). The State's right of appeal is granted by N.C.G.S. § 15A-1445. Related to the term of imprisonment, the statute grants the State the right to appeal when the "duration [is] not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level." N.C. Gen. Stat. § 15A-1445(a)(3)(c). The duration at issue here is controlled by N.C.G.S. § 14-7.6 rather than by § 15A-1340.17 or § 15A-1340.23, and so we conclude that the duration of the term of imprisonment assigned as error by the State is outside the scope of the right of appeal granted in § 15A-1445(a)(3)(c).

Consequently, this Court elects to exercise the discretion granted it by Appellate Rule 2 to suspend the appellate rules, and the Court treats the State's appeal as a petition for writ of mandamus, for the reasons stated in *State v. Ellis,* 361 N.C. 200, 205, 639 S.E.2d 425, 428-29 (2007). *See also* N.C.R. App. P. 2 (2008). In *Ellis,* our Supreme Court exercised its supervisory authority to reach the issue of a trial court's imposition of a concurrent rather than consecu-

tive sentence in order "to promote the expeditious administration of justice" and achieve "prompt and definitive resolution of an issue . . . necessary to ensure the uniform administration of North Carolina's criminal statutes." *Ellis*, 361 N.C. at 205, 639 S.E.2d at 428-29. The Court addressed the issue, relying on *State v. Wall*, 348 N.C. 671, 675-76, 502 S.E.2d 585, 588 (1998), and concluded that where a statute requires the court to sentence defendant to a consecutive term of imprisonment, the imposition of a concurrent sentence is contrary to law, and the sentence must be vacated and remanded for sentencing in accordance with the law. *Ellis*, 361 N.C. at 206, 639 S.E.2d at 429.

In the case before us, defendant pled guilty to having attained habitual felon status, bringing him within the provisions of N.C.G.S. § 14-7.6. In pertinent part, that statute states: "Sentences imposed under this Article shall run consecutively with and shall commence at the expiration of any sentence being served by the person sentenced under this section." N.C. Gen. Stat. § 14-7.6 (2007). Defendant's sentence to a concurrent term of imprisonment was contrary to law, and we direct the trial court upon remand to enter a judgment which comports with N.C.G.S. § 14-7.6.

Vacated and remanded.

Judges CALABRIA and GEER concur.