STATE OF NORTH CAROLINA v. KENNETH MAST DICKSON

No. COA01-890

(Filed 18 June 2002)

**Appeal and Error— appealability—judgment entered consistent with guilty plea—writ of certiorari**

A defendant's appeal from a judgment dated 2 April 2001 entered consistent with his plea of guilty to impaired driving and from an order filed 4 June 2001 denying his motion to dismiss is dismissed, because defendant does not have a right to appeal and the Court of Appeals is without authority to grant a writ of certiorari since: (1) N.C.G.S. § 15A-1444(e) states that defendant has

---

no right to appeal the judgment entered consistent with his guilty plea; and (2) defendant has not failed to take timely action, is not attempting to appeal from an interlocutory order, and is not seeking review under N.C.G.S. § 15A-1422(c)(3).

Appeal by defendant from judgment dated 2 April 2001 and from order filed 4 June 2001 by Judge Ronald K. Payne in Watauga County Superior Court. Heard in the Court of Appeals 4 June 2002.

*Attorney General Roy Cooper, by Special Deputy Attorney General Isaac T. Avery, III and Assistant Attorney General Patricia A. Duffy, for the State.*

*Wilson, Palmer, Lackey & Rohr, P.A., by Timothy J. Rohr, for defendant-appellant.*

GREENE, Judge.

Kenneth Mast Dickson (Defendant) purports to appeal from a judgment dated 2 April 2001 entered consistent with his plea of guilty to impaired driving and from an order filed 4 June 2001 denying his motion to dismiss. In the alternative, Defendant petitions this Court for writ of certiorari.

On 7 March 2001, Defendant filed a motion to dismiss the charge of impaired driving. Defendant's motion was denied both in open court on 2 April 2001 and in an order filed 4 June 2001. Subsequently, Defendant pled guilty to impaired driving. Defendant assigns as error the trial court's denial of his motion to dismiss the charge against him.

_____

The dispositive issue is whether this Court has the authority to review the trial court's judgment entered consistent with Defendant's plea of guilty.

Unless appealing sentencing issues or the denial of a motion to suppress, a defendant "is not entitled to appellate review as a matter of right when he has entered a plea of guilty . . . to a criminal charge in the superior court, but he may petition the appellate division for review by writ of certiorari." N.C.G.S. § 15A-1444(e) (2001). While N.C. Gen. Stat. § 15A-1444(e) allows a defendant to petition for writ of certiorari, this Court is limited to issuing a writ of certiorari

in appropriate circumstances . . . to permit review of the judgments and orders of trial tribunals when the right to prosecute an

STATE v. DICKSON

[151 N.C. App. 136 (2002)]

appeal has been lost by failure to take timely action, or when no right of appeal from an interlocutory order exists, or for review pursuant to G.S. 15A-1422(c)(3) of an order of the trial court denying a motion for appropriate relief.

N.C.R. App. P. 21(a)(1). The North Carolina Constitution "gives exclusive authority to [our] Supreme Court to make rules of practice and procedure for the appellate division," thus, where, as here, "the North Carolina General Statutes conflict with Rules of Appellate Procedure, the Rules of Appellate Procedure will prevail." *Neasham v. Day*, 34 N.C. App. 53, 55-56, 237 S.E.2d 287, 289 (1977).

In this case, under N.C. Gen. Stat. § 15A-1444(e), Defendant has no right to appeal the judgment entered consistent with his guilty plea. In addition, Defendant has not failed to take timely action, is not attempting to appeal from an interlocutory order, and is not seeking review pursuant to N.C. Gen. Stat. § 15A-1422(c)(3). Thus, this Court does not have the authority to issue a writ of certiorari. Accordingly, because Defendant does not have a right to appeal and this Court is without authority to grant a writ of certiorari, Defendant's appeal is dismissed.

Dismissed.

Judges HUDSON and BIGGS concur.