STATE OF NORTH CAROLINA v. WILLIAM FREDRICK RHODES, Defendant

No. COA03-270

(Filed 2 March 2004)

**1. Appeal and Error— appealability—guilty plea**

Consistent with N.C.G.S. § 15A-1027 and under *State v. Bolinger*, 320 N.C. 596 (1987), it is permissible for the Court of Appeals to review pursuant to a petition for writ of certiorari during the appeal period a claim that the procedural requirements of Article 58 involving challenges to guilty pleas were violated.

**2. Criminal Law— guilty plea—withdrawal of offer by State**

Although defendant contends the trial court erred in a case involving defendant's failure to register as a sex offender by allowing the State to withdraw from its plea agreement with defendant after he entered his guilty plea, this assignment of error lacks merit because there was no indication in the record that the State withdrew from the plea agreement. Instead, the trial court sua sponte reopened defendant's sentencing hearing and resentenced him based on information it received during recess.

**3. Sentencing— resentencing—opportunity to withdraw guilty plea**

The trial court erred in a case involving defendant's failure to register as a sex offender by failing to follow the procedural safeguards established by N.C.G.S. §§ 15A-1022 and 15A-1024 upon resentencing him, because the trial court should have: (1) informed defendant of the court's decision to impose a sentence other than that provided in the plea agreement; (2) informed

defendant that he could withdraw his plea; and (3) granted a continuance until the next session of court if defendant chose to withdraw his plea.

Appeal by defendant from judgment entered 16 September 2002 by Judge Michael E. Helms in Wilkes County Superior Court. Heard in the Court of Appeals 3 December 2003.

*Attorney General Roy Cooper, by Assistant Attorney General Anne M. Middleton, for the State.*

*Carol Ann Bauer, for defendant-appellant.*

GEER, Judge.

Defendant appeals from his sentence entered after the trial court, on its own motion, reopened his sentencing hearing and imposed a sentence inconsistent with the plea agreement between defendant and the State. Because we conclude that the trial court erred in resentencing defendant without affording him the opportunity to withdraw his guilty plea, we vacate defendant's sentence and remand the matter to the trial court.

Defendant was indicted on one count of failure to register as a sex offender in violation of N.C. Gen. Stat. § 14-208.11 (2003). He entered into a plea agreement with the State, which, as memorialized in the transcript of plea, provided for punishment in the intermediate range. The trial judge accepted the plea agreement and imposed an intermediate range sentence: 21 to 26 months incarceration suspended for three years, intensive probation, and a special probation condition of 60 days in jail on work release.

After the luncheon recess, defendant was brought back into the courtroom. The trial judge informed those present that during the luncheon recess, the Sentencing Services. Coordinator had brought to his attention the Sentencing Services report on defendant. The judge explained:

[A]fter reading through the report, . . . I have decided to bring [defendant] back into the courtroom for further hearing since my ruling in the case did not include all relevant matters that I think the Court should have been aware of at the time it made its decision to do what it previously did, which is now ALL STRICKEN.

The trial judge then resentenced defendant to an active sentence of 21 to 26 months incarceration. Defendant filed timely notice of appeal to this Court.

I

**[1]** As a threshold matter, we must address the State's contention that defendant is not entitled to appellate review under *State v. Bolinger*, 320 N.C. 596, 601-02, 359 S.E.2d 459, 462 (1987). In *Bolinger*, the defendant contended that the trial judge violated N.C. Gen. Stat. § 15A-1022 (2003) in accepting his guilty plea. Our Supreme Court recognized that a challenge to the procedures followed in accepting a guilty plea does not fall within the scope of N.C. Gen. Stat. § 15A-1444 (2003), specifying the grounds giving rise to an appeal as of right. 320 N.C. at 601, 359 S.E.2d at 462. Accordingly, the Court held that "defendant is not entitled as a matter of right to appellate review of his contention that the trial court improperly accepted his guilty plea." *Id.* The Court further held that "[d]efendant may obtain appellate review of this issue only upon grant of a writ of certiorari." *Id.* Although the defendant had failed to petition the Court for a writ of certiorari, the Court nonetheless elected to review the merits of the defendant's contentions. *Id.* at 602, 359 S.E.2d at 462.

Under *Bolinger*, defendant in this case is not entitled to appeal from his guilty plea as a matter of right, but his arguments may be reviewed pursuant to a petition for writ of certiorari. We choose to treat defendant's appeal as a petition for writ of certiorari, which we now allow. *See, e.g., State v. Taylor*, 308 N.C. 185, 186, 301 S.E.2d 358, 359 (1983) ("Defendant has no appeal of right since he entered pleas of guilty and no contest pursuant to a plea bargain. His purported appeal is therefore subject to dismissal. However, in order to put this matter to rest, we elect to treat his attempt to appeal as a petition for writ of certiorari and grant that petition."); *State v. Young*, 120 N.C. App. 456, 459, 462 S.E.2d 683, 685 (1995) (although the defendant had failed to move to withdraw his guilty plea and, therefore, had no appeal of right, "we treat the assignment of error as a petition for writ of certiorari and elect to grant review of the issue").

Although not argued by the State, we note that if defendant were not challenging the procedures employed in accepting a guilty plea, the decisions in *State v. Dickson*, 151 N.C. App. 136, 137-38, 564 S.E.2d 640, 640-41 (2002) and *State v. Pimental*, 153 N.C. App. 69, 76-77, 568 S.E.2d 867, 872, *disc. review denied*, 356 N.C. 442, 573 S.E.2d 163 (2002) would apply. Challenges to guilty plea procedures

brought under Article 58 of the North Carolina General Statutes (entitled "Procedures Relating to Guilty Pleas in Superior Court"), N.C. Gen. Stat. § 15A-1021 *et seq.* (2003), are distinguishable from more common appeals from guilty pleas. The Official Commentary to Article 58 states that one of the benefits of the Article is "[t]he likelihood of fewer successful attacks on guilty pleas in post-conviction hearings." Consistent with this purpose, the General Assembly enacted N.C. Gen. Stat. § 15A-1027 (2003), which specifically provides that "[n]oncompliance with the procedures of this Article [58] may not be a basis for review of a conviction after the appeal period for the conviction has expired." This provision expresses the General Assembly's intent to permit review of procedural violations only during "the appeal period." *Id.* In short, under *Bolinger* and consistent with N.C. Gen. Stat. § 15A-1027, it is permissible for this Court to review pursuant to a petition for writ of certiorari during the appeal period a claim that the procedural requirements of Article 58 were violated.

II

**[2]** Defendant contends that the trial court erred in allowing the State to withdraw from its plea agreement with defendant after he entered his guilty plea. There is, however, no indication in the record that the State withdrew from the plea agreement. Instead, the transcript shows that the trial court *sua sponte* reopened defendant's sentencing hearing and resentenced him on the basis of information it received during the luncheon recess. Accordingly, this assignment of error lacks merit.

**[3]** Defendant next argues that the trial court erred in not following the procedural safeguards established by N.C. Gen. Stat. §§ 15A-1022 and 15A-1024 (2003) upon resentencing him. We agree that the trial court failed to comply with N.C. Gen. Stat. § 15A-1024. That statute provides:

> If at the time of sentencing, the judge for any reason determines to impose a sentence other than provided for in a plea arrangement between the parties, the judge must inform the defendant of that fact *and inform the defendant that he may withdraw his plea.* Upon withdrawal, the defendant is entitled to a continuance until the next session of court.

N.C. Gen. Stat. § 15A-1024 (emphasis added). Our Supreme Court has explained that this statute applies when:

the trial judge does not reject a plea arrangement when it is presented to him but hears the evidence and at the time for sentencing determines that a sentence different from that provided for in the plea arrangement must be imposed. *Under the express provisions of this statute a defendant is entitled to withdraw his plea and as a matter of right have his case continued until the next term.*

*State v. Williams,* 291 N.C. 442, 446-47, 230 S.E.2d 515, 517-18 (1976) (emphasis original). This is precisely the situation presented in this case. The trial judge should have (1) informed defendant of his decision to impose a sentence other than that provided in the plea agreement, (2) informed him that he could withdraw his plea, and (3) if defendant chose to withdraw his plea, granted a continuance until the next session of court.

Because the trial judge failed to follow the procedure mandated in N.C. Gen. Stat. § 15A-1024, we vacate defendant's sentence and remand the matter to the trial court for proceedings consistent with those prescribed by N.C. Gen. Stat. § 15A-1024. *See State v. Puckett,* 299 N.C. 727, 730-31, 264 S.E.2d 96, 98-99 (1980) (vacating court's judgment for failure to comply with N.C. Gen. Stat. § 15A-1024).

Vacated and remanded.

Judges McGEE and HUNTER concur.