STATE OF NORTH CAROLINA v. TRACY GLEN SMITH

No. COA08-533

(Filed 18 November 2008)

**Criminal Law— guilty plea—plea bargain—misunderstandings**

The trial court erred in a possession with intent to sell and deliver cocaine case by concluding defendant's guilty plea and admission of habitual felon status were entered knowingly and voluntarily based on misunderstandings that the denial of his pretrial motion to dismiss the habitual felon indictment was preserved for appellate review, and the case is remanded to the trial court where defendant may withdraw his guilty plea and proceed to trial on the criminal charges or attempt to negotiate another plea agreement because: (1) defendant's plea of guilty was given in consideration for the prosecutor's promise that defendant's pretrial motions would be preserved for appeal, and defendant was entitled to receive the benefit of his bargain; and (2) defendant cannot receive the benefit of his bargain based on the laws of North Carolina or our appellate rules since he only has a right to appeal the denial of his motion to suppress and cannot appeal the denial of his motion to dismiss the habitual felon indictment after a guilty plea.

Appeal by defendant from judgment entered on or after 4 December 2007 by Judge Benjamin G. Alford in Lenior County Superior Court. Heard in the Court of Appeals 23 October 2008.

*Attorney General Roy Cooper, by Assistant Attorney Marc X. Sneed, for the State.*

*Kevin P. Bradley, for defendant-appellant.*

TYSON, Judge.

Tracy Glen Smith ("defendant") appeals from judgment entered after he pleaded guilty to: (1) possession with intent to sell and deliver cocaine pursuant to N.C. Gen. Stat. § 90-95(a) and (2) having attained habitual felon status. We vacate and remand.

I. Background

On 13 January 2006, Kinston Department of Public Safety Captain Milton Kivett ("Captain Kivett") went to the 300 block of East Blount

Street "to back two officers up on a traffic stop." Upon arrival, the officers had removed one of the occupants from the vehicle. Captain Kivett was advised by the other officers that they were going to search the vehicle.

Captain Kivett removed defendant from the front passenger seat of the vehicle and handcuffed him. Defendant was advised at that time that he was not under arrest. When Captain Kivett frisked defendant for weapons, he felt what he believed to be a "pocket-knife or some type of knife[]" in defendant's pocket.

Captain Kivett advised defendant that he was going to search his pocket to retrieve what he thought to be a knife. Captain Kivett then illuminated defendant's pocket with a flashlight and discovered "two round glass type items with a burn on the end." Defendant was placed under arrest for possession of drug paraphernalia.

Captain Kivett conducted a search of defendant's person incident to arrest and discovered: (1) digital scales with white powder residue on them; (2) "a miscellaneous amount of clear plastic sandwich bags[;]" (3) clear plastic sandwich bags which contained several off-white rocks; (4) $353.00 in cash; and (5) a cellular phone.

On 4 April 2007, defendant was indicted for: (1) possession with intent to sell and deliver a controlled substance and (2) attaining the status of habitual felon. On 10 October 2007, defendant filed a motion to suppress "any and all evidence obtained as the result of the unconstitutional and invalid seizure and search of . . . [d]efendant." Defendant also filed a motion to dismiss his habitual felon indictment "on the grounds that the North Carolina Habitual Felon Act is unconstitutional."

Defendant's motions were heard on 3 December 2007. The trial court denied both motions and defendant pleaded guilty to possession with intent to sell and deliver cocaine and attaining the status of habitual felon. The trial court determined defendant to be a prior record level III offender and sentenced him to a mitigated active sentence of a minimum of seventy months and a maximum of ninety-three months incarceration. Defendant appeals.

## II. Issues

Defendant argues: (1) his plea was not entered knowingly and voluntarily; (2) the trial court erred when it denied his motion to suppress; and (3) he received ineffective assistance of counsel.

### III. Knowing and Voluntary Plea

Defendant argues "[t]he record does not establish knowing and voluntary waiver of jury trials when the guilty plea and admission of habitual felon status were entered on misunderstandings that the denials of [defendant]'s pretrial motions were preserved for appellate review." We agree.

"In North Carolina, a defendant's right to appeal in a criminal proceeding is purely a creation of state statute. Furthermore, there is no federal constitutional right obligating courts to hear appeals in criminal proceedings." *State v. Pimental*, 153 N.C. App. 69, 72, 568 S.E.2d 867, 869 (2002).

A defendant who pleads guilty has a right of appeal limited to the following:

1. Whether the sentence "is supported by the evidence." This issue is appealable only if his minimum term of imprisonment does not fall within the presumptive range. N.C. Gen. Stat. § 15A-1444(a1) (2001);

2. Whether the sentence "[r]esults from an incorrect finding of the defendant's prior record level under G.S. 15A-1340.14 or the defendant's prior conviction level under G.S. 15A-1340.21." N.C. Gen. Stat. § 15A-1444(a2)(1) (2001);

3. Whether the sentence "[c]ontains a type of sentence disposition that is not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level." N.C. Gen. Stat. § 15A-1444(a2)(2) (2001);

4. Whether the sentence "[c]ontains a term of imprisonment that is for a duration not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level." N.C. Gen. Stat. § 15A-1444(a2)(3) (2001);

5. Whether the trial court improperly denied defendant's motion to suppress. N.C. Gen. Stat. §§ 15A-979(b) (2001), 15A-1444(e) (2001);

6. Whether the trial court improperly denied defendant's motion to withdraw his guilty plea. N.C. Gen. Stat. § 15A-1444(e).

*State v. Jamerson*, 161 N.C. App. 527, 528-29, 588 S.E.2d 545, 546-47 (2003).

Here, upon defendant's guilty plea, defendant has a right to appeal only the trial court's denial of his motion to suppress. N.C. Gen. Stat. §§ 15A-979(b), -1444(e) (2007). Defendant does not have a right to appeal the trial court's denial of his motion to dismiss his habitual felon indictment.

> Where a defendant does not have an appeal of right, our statute provides for defendant to seek appellate review by a petition for writ of certiorari. N.C. Gen. Stat. § 15A-1444(e). However, our appellate rules limit our ability to grant petitions for writ of certiorari to the following situations: (1) defendant lost his right to appeal by failing to take timely action; (2) the appeal is interlocutory; or (3) to review a trial court's denial of a motion for appropriate relief. N.C.R. App. P. 21(a)(1) (2003). In considering [A]ppellate Rule 21 and N.C. Gen. Stat. § 15A-1444, this Court has reasoned that since the appellate rules prevail over conflicting statutes, we are without authority to issue a writ of certiorari except as provided in [Appellate] Rule 21. *State v. Nance*, 155 N.C. App. 773, 574 S.E.2d 692 (2003); *Pimental*, 153 N.C. App. at 73-74, 568 S.E.2d at 870; *State v. Dickson*, 151 N.C. App. 136, 564 S.E.2d 640 (2002).

*Jamerson*, 161 N.C. App. at 529, 588 S.E.2d at 547. Upon defendant's guilty plea, this Court is without authority to review, either as of right or by *certiorari*, the trial court's denial of defendant's motion to dismiss his habitual felon indictment.

In *State v. Wall*, our Supreme Court was confronted with a similar situation and vacated the trial court's order and remanded. 348 N.C. 671, 502 S.E.2d 585 (1998). Our Supreme Court stated:

> [the] defendant's plea of guilty was consideration given for the prosecutor's promise. He was entitled to receive the benefit of his bargain. However, [the] defendant is not entitled to specific performance in this case because such action would violate the laws of this [S]tate. Nevertheless, defendant may avail himself of other remedies. He may withdraw his guilty plea and proceed to trial on the criminal charges. He may also withdraw his plea and attempt to negotiate another plea agreement that does not violate [the laws of this State].

*Id.* at 676, 502 S.E.2d at 588.

Here, defendant's plea arrangement stated:

> That upon the defendant plea of guilt [sic] to possession of cocaine with the intent of sale or delivery a Class H felony and

with the admission of his status as an habitual felon, the defendant will be sentenced as a Class C felon level 3 at the least amount of time possible *and the defendant's pretrial motions shall be preserved for appeal.*

(Emphasis supplied).

Defendant's plea of guilty was given in consideration for the prosecutor's promise. Defendant was entitled to receive the benefit of his bargain. Pursuant to our Supreme Court's holding in *Wall*, the judgment entered based on defendant's plea is vacated and this case is remanded to the trial court where defendant "may withdraw his guilty plea and proceed to trial on the criminal charges. . . . [or] attempt to negotiate another plea agreement . . . ." 348 N.C. at 676, 502 S.E.2d at 588; *see also State v. Jones*, 161 N.C. App. 60, 63, 588 S.E.2d 5, 8-9 (2003) ("[S]ince defendant bargained for review of three motions and our Court may review only one, we will not address the substantive issues raised by the motion to suppress. Rather, pursuant to *Wall*, we vacate the plea and remand the case to the trial court, placing defendant back in the position he was in before he struck his bargain: he may proceed to trial or attempt to negotiate another plea agreement."), *rev'd in part on other grounds*, 358 N.C. 473, 598 S.E.2d 125 (2004). In light of our holding, it is unnecessary to and we do not address defendant's remaining assignments of error.

## IV. Conclusion

Defendant cannot receive the benefit of his bargain based on the laws of this State or our Appellate Rules. Based on our Supreme Court's holding in *Wall*, the judgment entered based on defendant's guilty plea is vacated and this matter is remanded for proceedings not inconsistent with this opinion. 348 N.C. at 676, 502 S.E.2d at 588.

Vacated and Remanded.

Judges McCULLOUGH and CALABRIA concur.