STATE OF NORTH CAROLINA v. JEAN RINEHART

No. COA08-1209

(Filed 17 March 2009)

**Appeal and Error— appealability—guilty plea—writ of certiorari**

Defendant's appeal from a judgment entered upon his plea of guilty to one count of escape from state prison and attaining the status of an habitual felon is dismissed without prejudice to defendant's right to file a motion for appropriate relief under N.C.G.S. § 15A-1413 because: (1) a defendant who has entered a plea of guilty is not entitled to appellate review as a matter of right unless defendant is appealing sentencing issues or the denial of a motion to suppress, or defendant has made an unsuccessful motion to withdraw the guilty plea; (2) defendant's assertions on appeal that his freedom from double jeopardy and his right to a speedy trial were violated are not issues from which defendant has an appeal of right as enumerated in N.C.G.S. § 15A-1444; and (3) although defendant filed a writ of certiorari, the Court of Appeals was without authority to issue it since defendant failed to take timely action, was not appealing from an interlocutory order, and was not seeking review under N.C.G.S. § 15A-1422(c)(3).

Appeal by defendant from judgment dated 25 February 2008 by Judge Edgar B. Gregory in Forsyth County Superior Court. Heard in the Court of Appeals 25 February 2009.

*Attorney General Roy Cooper, by Assistant Attorney General Charles E. Reece, for the State.*

*Appellate Defender Staples S. Hughes, by Assistant Appellate Defender Daniel Shatz, for defendant-appellant.*

BRYANT, Judge.

Jean Rinehart (defendant) appeals from a judgment entered upon his plea of guilty to one count of escape from state prison and attaining the status of an habitual felon. For the reasons stated herein, we dismiss defendant's appeal.

*Facts*

On 8 December 2005, defendant escaped from the Forsyth Correctional Center where he was serving a sentence for breaking and entering. He was captured on 10 December 2005 in Georgia and charged with escape from state prison and attaining the status of an habitual felon.

Defendant made pre-trial motions to dismiss based on the double jeopardy clause of the Fifth Amendment to the United States Constitution and the violation of his right to a speedy trial. Defendant contended he was subjected to an administrative punishment by the Department of Correction's imposition of a fine and solitary confinement. Defendant also contended his right to a speedy trial was violated because he had been in the continuous custody of the Forsyth County Sheriff for sixteen months in violation of N.C. Gen. Stat. § 15A-711(a).

At the pre-trial hearing on 25 February 2008, the trial court denied both of defendant's motions. After the denial of his motions, defendant entered an *Alford* guilty plea and reserved the right to appeal the denial of his motions to dismiss. Defendant was sentenced to a minimum of 101 months to a maximum of 131 months imprisonment. Defendant appeals.

---

We first determine whether defendant has a right to appeal the denial of his motions to dismiss. The State, by way of motion, argues defendant's appeal should be dismissed. We agree.

A defendant's right to appeal in North Carolina is purely a creation of statute. *See State v. Pimental*, 153 N.C. App. 69, 568 S.E.2d 867 (2002). Pursuant to N.C. Gen. Stat. § 15A-1444, a defendant who has plead guilty may appeal the following:

(1) whether the sentence is supported by the evidence (if the minimum term of imprisonment does not fall within the presumptive range); (2) whether the sentence results from an incorrect finding of the defendant's prior record level under N.C. Gen.

Stat. § 15A-1340.14 or the defendant's prior conviction level under N.C. Gen. Stat. § 15A-1340.21; (3) whether the sentence constitutes a type of sentence not authorized by N.C. Gen. Stat. § 15A-1340.17 or § 15A-1340.23 for the defendant's class of offense and prior record or conviction level; (4) whether the trial court improperly denied the defendant's motion to suppress; and (5) whether the trial court improperly denied the defendant's motion to withdraw his guilty plea.

*State v. Jamerson,* 161 N.C. App. 527, 528, 588 S.E.2d 545, 546 (2003) (citation omitted); N.C. Gen. Stat. § 15A-1444 (a2) (2007). Accordingly, "a defendant who has entered a plea of guilty is not entitled to appellate review as a matter of right, unless the defendant is appealing sentencing issues or the denial of a motion to suppress, or the defendant has made an unsuccessful motion to withdraw the guilty plea." *State v. Corbett,* 191 N.C. App. 1, 3, 661 S.E.2d 759, 761 (2008), *aff'd per curiam,* 362 N.C. 672, 669 S.E.2d 323 (2008) (quoting *Pimental,* 153 N.C. App. at 73, 568 S.E.2d at 870).

Defendant's assertions on appeal that his freedom from double jeopardy and his right to a speedy trial were violated are not issues from which defendant has an appeal of right as enumerated by G.S. § 15A-1444. Therefore, defendant does not have a right of appeal to this Court.[1]

Although defendant has filed a petition for writ of certiorari, this Court is without authority to issue a writ of certiorari. *See Corbett,* 191 N.C. App. at 3, 661 S.E.2d at 761; *Jamerson,* 161 N.C. App. at 529, 588 S.E.2d at 547; *State v. Dickson,* 151 N.C. App. 136, 137-38, 564 S.E.2d 640, 640 (2002).

Although N.C. Gen. Stat. § 15A-1444(e) permits a defendant to petition for a writ of certiorari, pursuant to N.C. R. App. P. 21(a)(1), this Court is limited to issuing a writ of certiorari:

in appropriate circumstances . . . to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action, or when no right of appeal from an interlocutory order exists, or for review

---

1. We are cognizant of the recent opinion in *State v. Smith,* 193 N.C. App. 739, 668 S.E.2d 612 (2008), where this Court, relying on *State v. Wall,* 348 N.C. 671, 502 S.E.2d 585 (1998), vacated a judgment entered upon the defendant's guilty plea. However, we find *Wall* distinguishable from the facts of the present case because the State in *Wall* had, and exercised, its right to appeal from the judgment; in the present case, defendant has no right to appeal.

pursuant to G.S. 15A-1422(c)(3) of an order of the trial court denying a motion for appropriate relief.

*Id.* And, where "the North Carolina General Statutes conflict with Rules of Appellate Procedure, the Rules of Appellate Procedure will prevail." *Dickson*, 151 N.C. App. at 138, 564 S.E.2d at 640-41 (quoting *Neasham v. Day*, 34 N.C. App. 53, 55-56, 237 S.E.2d 287, 289 (1977)). Because defendant has not failed to take timely action, is not appealing from an interlocutory order, and is not seeking review pursuant to N.C. Gen. Stat. § 15A-1422(c)(3), we are without authority to issue a writ of certiorari.

Therefore, defendant's appeal must be dismissed. However, dismissal of defendant's appeal is without prejudice to defendant's right to file a motion for appropriate relief pursuant to N.C. Gen. Stat. § 15A-1413 (2007). *See Corbett*, 191 N.C. App. at 3, 661 S.E.2d at 762; *Jamerson*, 161 N.C. App. at 530, 588 S.E.2d at 547.

Dismissed.

Judges ELMORE and STEELMAN concur.