STATE OF NORTH CAROLINA v. SAMUEL WADE WHITE

No. COA10-1231

(Filed 5 July 2011)

**Criminal Law— guilty plea—reservation of right to appeal—denial of motion to dismiss**

The trial court erred by accepting defendant's *Alford* plea where defendant attempted to reserve the right to appeal the denial of his motion to dismiss. A defendant who pleads guilty may not appeal the denial of a motion to dismiss, and the matter was remanded for further proceedings.

Judge STEELMAN dissenting.

Appeal by defendant from judgment entered 14 December 2009 by Judge A. Robinson Hassell in Chatham County Superior Court. Heard in the Court of Appeals 9 March 2011.

*Attorney General Roy Cooper, by Assistant Attorney General Harriet F. Worley, for the State.*

*Rudolf Widenhouse & Fialko, by M. Gordon Widenhouse, Jr., for defendant-appellant.*

CALABRIA, Judge.

Samuel Wade White ("defendant") appeals from a judgment entered upon his plea of guilty to three counts of selling marijuana, one count of delivering Percocet, one count of possession of a firearm by a felon, and one count of possessing nontax paid alcohol. We vacate and remand.

## I. Background

Beginning in March 2008, Detective Anthony Rosser ("Det. Rosser") of the Pittsboro Police Department conducted an undercover narcotics investigation involving a confidential informant and undercover officer Lesia McCollough ("Officer McCollough"). As part of this operation, law enforcement bought narcotics, illegal nontax paid alcohol, or both from defendant on six separate occasions between March 2008 and September 2008.

Based on these transactions, law enforcement obtained search warrants for two buildings owned by defendant, including defend-

ant's home. When the warrant was executed, defendant came to the door with his hand in his pocket. Law enforcement searched defendant and found the pocket contained a loaded handgun. Many other firearms were also found during the search of the two buildings.

Defendant was arrested and indicted for (1) four counts each of (a) felonious sale of marijuana; (b) felonious delivery of marijuana; (c) possession with intent to manufacture, sell or deliver a Schedule IV controlled substance; and (d) possession of marijuana; (2) one count of felonious delivery and possession with intent to sell and deliver Percocet; (3) maintaining two dwellings for the purpose of keeping, storing and selling marijuana; and (4) two counts of possession of a firearm by a felon.

On 2 September 2009, defendant filed, *inter alia*, a motion to suppress the evidence against him and to dismiss the two possession of a firearm by a felon charges because N.C. Gen. Stat. § 14-415.1 (2009) was unconstitutional as applied to him.[1] After a hearing, these motions were denied. The trial court's order specifically held that "N.C.G.S. Sect. 14-415.1 is not an unconstitutional violation of Article I, Section 30 of the North Carolina Constitution as applied to defendant."

On 14 December 2009, pursuant to a plea agreement with the State, defendant entered an *Alford* plea to three counts of selling marijuana, one count of delivering Percocet, one count of possession of a weapon by a felon, and one count of possessing non-tax paid alcohol. As part of the plea agreement, defendant attempted to specifically reserve the right to appeal the denial of both his motion to suppress and motion to dismiss. The trial court sentenced defendant to a minimum of twelve months to a maximum of fifteen months in the North Carolina Department of Correction. That sentence was suspended and defendant was ordered to serve (1) thirty days in the Chatham County Jail; (2) ninety days of electronic house arrest; and (3) thirty-six months of supervised probation. Defendant appeals.

## II. Right to Appeal

Defendant argues that the trial court erred by accepting defendant's plea when his plea arrangement attempted to reserve a right to appeal the denial of his motion to dismiss. We agree.

1. The record indicates that defendant filed multiple motions to dismiss and suppress, on different legal theories. However, the motion to dismiss and suppress which was the subject of the trial court's order being appealed in the instant case was not included in the record on appeal, although the State's response to this motion, the transcript of the hearing of the motion, and the trial court's order denying this motion are contained in the record.

A. Defendant's Plea Arrangement

"In North Carolina, a defendant's right to appeal in a criminal proceeding is purely a creation of state statute." *State v. Jamerson*, 161 N.C. App. 527, 528, 588 S.E.2d 545, 546 (2003).

. A defendant who pleads guilty has a right of appeal limited to the following:

1. Whether the sentence "is supported by the evidence." This issue is appealable only if his minimum term of imprisonment does not fall within the presumptive range. N.C. Gen. Stat. § 15A-1444(a1) (2001);

2. Whether the sentence "results from an incorrect finding of the defendant's prior record level under G.S. 15A-1340.14 or the defendant's prior conviction level under G.S. 15A-1340.21." N.C. Gen. Stat. § 15A-1444(a2)(1) (2001);

3. Whether the sentence "contains a type of sentence disposition that is not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level." N.C. Gen. Stat. § 15A-1444(a2)(2) (2001);

4. Whether the sentence "contains a term of imprisonment that is for a duration not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level." N.C. Gen. Stat. § 15A-1444(a2)(3) (2001);

5. Whether the trial court improperly denied defendant's motion to suppress. N.C. Gen. Stat. §§ 15A-979(b)(2001), 15A-1444(e) (2001);

6. Whether the trial court improperly denied defendant's motion to withdraw his guilty plea. N.C. Gen. Stat. § 15A-1444(e).

*Id.* at 528-29, 588 S.E.2d at 546-47. Consequently, in the instant case, defendant's guilty plea only provided him with the right to appeal the trial court's denial of his motion to suppress. N.C. Gen. Stat. §§ 15A-979(b), -1444(e) (2009). Our statutes do not provide defendant with an appeal of right from the trial court's denial of his motion to dismiss.

Where a defendant does not have an appeal of right, our statute provides for defendant to seek appellate review by a petition for writ of certiorari. N.C. Gen. Stat. § 15A-1444(e). However, our appellate rules limit our ability to grant petitions for writ of cer-

tiorari to the following situations: (1) defendant lost his right to appeal by failing to take timely action; (2) the appeal is interlocutory; or (3) to review a trial court's denial of a motion for appropriate relief. N.C.R. App. P. 21(a)(1) (2003). In considering [A]ppellate Rule 21 and N.C. Gen. Stat. § 15A-1444, this Court has reasoned that since the appellate rules prevail over conflicting statutes, we are without authority to issue a writ of certiorari except as provided in [Appellate] Rule 21.

*Jamerson*, 161 N.C. App. at 529, 588 S.E.2d at 547. Defendant's appeal of the trial court's denial of his motion to dismiss in the instant case does not fall within any of the three categories that would allow this Court to issue a writ of *certiorari* to review that order. Thus, this Court does not possess jurisdiction to review, either by statute or by *certiorari*, the trial court's denial of defendant's motion to dismiss after defendant entered his guilty plea. Our authority is limited to reviewing only the denial of defendant's motion to suppress.

Defendant's predicament is identical to that of the defendant in *State v. Jones*, 161 N.C. App. 60, 588 S.E.2d 5 (2003), *rev'd in part on other grounds*, 358 N.C. 473, 598 S.E.2d 125 (2004). In *Jones*, the defendant pled guilty pursuant to a plea arrangement which purported to preserve his right to appeal a motion to suppress, a motion to dismiss, and a writ of *habeas corpus*. *Id.* at 63, 588 S.E.2d at 8. However, since the defendant only had an appeal of right from one of the three motions, the motion to suppress, the *Jones* Court had to determine "how to address defendant's appeal of right for the motion to suppress." *Id.* This Court held that, pursuant to our Supreme Court's decision in *State v. Wall*, 348 N.C. 671, 502 S.E.2d 585 (1998), "a defendant who pleads guilty is 'entitled to receive the benefit of his bargain.' " *Jones*, 161 N.C. App. at 63, 588 S.E.2d at 8 (quoting *Wall*, 348 N.C. at 676, 502 S.E.2d at 588). Consequently, the *Jones* Court established the following procedure for when the terms of a defendant's plea bargain are not permitted by our statutes:

> Where a defendant's bargain violates the law, the appellate court should vacate the judgment and remand the case to the trial court where defendant may withdraw his guilty plea and proceed to trial on the criminal charges . . . [or] withdraw his plea and attempt to negotiate another plea agreement that does not violate [State law]. Accordingly, since defendant bargained for review of [two] motions and our Court may review only one, we will not address the substantive issues raised by the motion to suppress.

Rather, pursuant to *Wall*, we vacate the plea and remand the case to the trial court, placing defendant back in the position he was in before he struck his bargain: he may proceed to trial or attempt to negotiate another plea agreement.

*Id.* at 63, 588 S.E.2d at 89.

The reasoning of *Wall* and *Jones* was subsequently followed by *State v. Smith*, 193 N.C. App. 739, 668 S.E.2d 612 (2008), *disc. rev. denied*, 363 N.C. 588, 684 S.E.2d 37 (2009). In *Smith*, the defendant was attempting to appeal from both the denial of a motion to suppress and the denial of a motion to dismiss. *Id.* at 742, 668 S.E.2d at 614. Since it could not review the denial of the defendant's motion to dismiss, this Court vacated the defendant's guilty plea and remanded the case to the trial court for further proceedings. *Id.* at 743, 668 S.E.2d at 614-15.

The State contends that *Jones* and *Smith* are not controlling over the instant case, and that we are actually bound by *State v. Rinehart*, 195 N.C. App. 774, 673 S.E.2d 769 (2009). In *Rinehart*, the defendant pled guilty while attempting to reserve the right to appeal only motions to dismiss based on the Fifth and Sixth Amendments. *Id.* at 775, 673 S.E.2d at 770. Because there was no statute which provided for an appeal of a motion to dismiss after a guilty plea, this Court dismissed the defendant's appeal without prejudice to the defendant's right to file a motion for appropriate relief with the trial court. *Id.* at 777, 673 S.E.2d at 771. *Rinehart* distinguished *Smith* in the following footnote:

We are cognizant of the recent opinion in *State v. Smith*, 193 N.C. App. 739, 668 S.E.2d 612 (2008), where this Court, relying on *State v. Wall*, 348 N.C. 671, 502 S.E.2d 585 (1998), vacated a judgment entered upon the defendant's guilty plea. However, we find *Wall* distinguishable from the facts of the present case because the State in *Wall* had, and exercised, its right to appeal from the judgment; in the present case, defendant has no right to appeal.

*Id.* at 776 n.1, 673 S.E.2d at 771 n.1.

However, *Rinehart* is distinguishable from the instant case and from *Jones* and *Smith*. The defendant in *Rinehart* appealed only from motions to dismiss; he did not additionally attempt to appeal from any order for which an appeal of right existed. Since the *Rinehart* defendant did not attempt to appeal from any order for which an appeal of right existed, his appeal was appropriately dis-

missed. In contrast, the defendants in *Jones* and *Smith* pled guilty and attempted to reserve the right to appeal from both (1) orders denying a motion to suppress, from which a right of appeal existed; and (2) orders from which no right of appeal existed. The procedural posture of the instant case is indistinguishable from *Jones* and *Smith*.

"Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court." *In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989). Since the issue presented in the instant case is identical to the issues presented in *Jones* and *Smith*, we are required to follow their holdings and

> not address the substantive issues raised by the motion to suppress. Rather, pursuant to *Wall*, we vacate the plea and remand the case to the trial court, placing defendant back in the position he was in before he struck his bargain: he may proceed to trial or attempt to negotiate another plea agreement.

*Jones*, 161 N.C. App. at 63, 588 S.E.2d at 89.

B. Record on Appeal

The dissent argues that we should, instead, dismiss defendant's appeal in its entirety for his failure to include a copy of his written motion to dismiss and suppress in the record on appeal. The dissent is correct that, under N.C.R. App. P. 9(a)(3)(i) (2010), defendant was required to provide "copies of all other papers filed and statements of all other proceedings had in the trial courts which are necessary for an understanding of all issues presented on appeal, unless they appear in the verbatim transcript of proceedings[,]" and he failed to do so. However, the dissent does not explain how defendant's written motion to dismiss and suppress is necessary to understand the dispositive issue addressed by this Court in the instant case, the validity of defendant's guilty plea.

In *State v. Alston*, the case cited by the dissent, the defendant attempted to appeal from, *inter alia*, the trial court's denial of his written motion for a bill of particulars, which was not included in the record on appeal. 307 N.C. 321, 340-41, 298 S.E.2d 631, 644 (1983). In its order denying the defendant's motion, the trial court only referred to the written motion by its labeled paragraphs, denying each paragraph based upon various legal theories. *Id.* at 341, 298 S.E.2d at 645. The *Alston* Court stated that "the defendant's assignment of error

STATE v. WHITE

[213 N.C. App. 181 (2011)]

amount[ed] to a request that this Court assume or speculate that the trial judge committed prejudicial error in his ruling," and held it was not required to assume error by the trial court. *Id.* However, the Court did address the defendant's remaining assignments of error for which there was a sufficient appellate record.[2] See *id.*

In the instant case, the parties do not dispute that defendant filed a motion to dismiss and suppress, which was denied by the trial court. Specifically, defendant moved to dismiss the two counts of possession of a firearm by a felon because N.C. Gen. Stat. § 14-415.1 (2009) was unconstitutional as applied to him. *See* N.C. Gen. Stat. § 15A-954(a)(1) (2009). Moreover, the record on appeal contains: (1) the State's response to defendant's motion, arguing that N.C. Gen. Stat. § 14-415.1 was constitutional as applied to defendant; (2) ninety-one pages of transcript from the hearing on defendant's motion, in which defendant's counsel explicitly argued that N.C. Gen. Stat. § 14-415.1 was unconstitutional as applied to defendant; and (3) the trial court's order denying defendant's motion, in which the trial court held that N.C. Gen. Stat. § 14-415.1 was constitutional as applied to defendant. Defendant's transcript of plea, also contained in the record, explicitly stated that in exchange for his guilty plea, defendant "reserved and preserved his right to appeal the denial of his motion to dismiss . . . ." This information is all that is needed to review defendant's argument that his guilty plea was in violation of State law. While a copy of defendant's written motion to dismiss and suppress may have been necessary to review substantive arguments regarding the trial court's denial of this motion, the content of that motion is not relevant to a review of the validity of defendant's plea arrangement. The absence of the written version of this motion does not require us to assume or speculate that the trial court erred in accepting defendant's plea. Consequently, we must reject the dissent's argument that defendant's appeal should be dismissed.

### III. Conclusion

Defendant's plea agreement explicitly attempted to "reserve[] and preserve[] his right to appeal the denial of his motion to dismiss . . . ." Our statutes do not permit a defendant who pleads guilty to appeal the denial of a motion to dismiss, and thus, this portion of defendant's plea arrangement violates the law. As a result, defendant's guilty plea

---

2. The *Alston* Court also reviewed, to the extent possible from the record, the denial of defendant's motion for a bill of particulars, though the Court explicitly stated that it was "not compelled to do so[.]" 307 N.C. at 341, 298 S.E.2d at 645.

is vacated and the instant case is remanded to the trial court for further proceedings consistent with this opinion.

Vacated and remanded.

Judge BEASLEY concurs.

Judge STEELMAN dissents by separate opinion.

STEELMAN, Judge dissenting.

I must respectfully dissent from the majority's opinion vacating defendant's *Alford* guilty plea and remanding the case to the trial court for further proceedings. Because defendant failed to include in the record on appeal all documents necessary to afford effective appellate review of the issues brought forward on appeal, this case must be dismissed.

### I. "Motion to Dismiss and Suppress"

On appeal, defendant argues that his guilty plea must be vacated because it was given in exchange for an unenforceable bargain of preserving appellate review of his "motion to dismiss and suppress." However, defendant failed to include this dispositive motion in the record on appeal. The majority acknowledges the omission.

I would note that there is a "Motion to Dismiss and Suppress" included in the record that is based upon an alleged violation of an officer's territorial jurisdiction. However, the denial of this motion is not the basis of defendant's appeal. A review of the motion contained in the record reveals that while it is captioned as a "Motion to Dismiss and Suppress," it is actually only a motion to suppress.

Because defendant failed to include the motion appealed from in the record, I would hold that this Court is unable to ascertain the nature of the motion. Rule 9(a)(3) of the Rules of Appellate Procedure provides that in criminal appeals, the record shall contain "copies of all other papers filed and statements of all other proceedings had in the trial courts which are necessary for an understanding of all issues presented on appeal, unless they appear in the verbatim transcript of proceedings . . . ." N.C.R. App. P. 9(a)(3)(i) (2010). It is well-established that the appellant has the burden to ensure that the record on appeal is complete. *See State v. Alston*, 307 N.C. 321, 341, 298 S.E.2d 631, 644 (1983) ("It is the appellant's duty and responsibility to see that the record is in proper form and complete." (citations

omitted)). Our appellate courts will not assume error by the trial court when none appears on the record. *Id.* at 341, 298 S.E.2d at 644. What the majority opinion continues to be unable to grasp is that the "Motion to Dismiss and Suppress" contained in the record was actually nothing more than a motion to suppress. Given this fact, I refuse to presume that the motion that is the basis of this appeal is anything more than a motion to suppress. It is not the role of the appellate courts to presume matters not in the record to reach a desired result in a case. Defendant's appeal should be dismissed.