STATE OF NORTH CAROLINA v. FRANCIS LOUIS DEMAIO

No. COA11-407

(Filed 1 November 2011)

### 1. Appeal and Error—guilty plea—certiorari—Rule 21

*Certiorari* was granted by the Court of Appeals to hear an appeal from a guilty plea where defendant contended that his plea was improperly accepted because the plea was not the prod-

uct of informed choice and did not provide the benefit of the bargain. Defendant properly petitioned for *certiorari* and, while there are cases from the Court of Appeals that recognize the limits Rule 21 of the Rules of Appellate Procedure places on the ability of the Court of Appeals to grant *certiorari*, those cases cannot overrule *State v. Bolinger*, 320 N.C. 596.

**2. Criminal Law—guilty plea—vacated—benefit of bargain impossible**

A guilty plea was vacated and remanded where there was no way for defendant to achieve his end of the bargain. Defendant pled not guilty on the condition that his right to appeal the denial of two motions be preserved, but had no statutory right to appeal those motions. Neither motion qualified for review under either Rule 21 of the Rules of Appellate Procedure or *State v. Bolinger*, 320 N.C. 596.

Appeal by Defendant from judgments entered 13 October 2010 by Judge Carl Fox in Chatham County Superior Court. Heard in the Court of Appeals 27 September 2011.

*Attorney General Roy Cooper, by Assistant Attorney General LaToya B. Powell, for the State.*

*Appellate Defender Staples S. Hughes, by Assistant Appellate Defender Daniel Shatz, for Defendant-appellant.*

HUNTER, JR., Robert N., Judge.

Francis Louis Demaio ("Defendant") appeals from judgments entered on his pleas of guilty to trafficking in opium and obtaining a controlled substance by fraud or forgery. Defendant argues the trial court erred in determining that a factual basis for Defendant's plea had been established. Defendant further argues the trial court erred in finding that Defendant's plea was an informed choice made freely, voluntarily, and understandingly.

Recognizing Defendant is not entitled to an appeal as a matter of right on this issue, Defendant filed a petition for writ of certiorari with this Court. On 20 June 2011, the State filed a response to Defendant's petition and a motion to dismiss the appeal. We denied the State's motion to dismiss and, pursuant to *State v. Bolinger*, 320 N.C. 596, 601-02, 359 S.E.2d 459, 462 (1987), now exercise our discretion to allow Defendant's petition for writ of certiorari. We hold

Defendant's plea was not an informed choice since he did not receive the benefit of his plea bargain. Accordingly, we need not address whether a factual basis for Defendant's plea had been established. Thus, we vacate and remand this case to the trial court for further proceedings consistent with this opinion.

## I. Factual and Procedural Background

On 23 December 2009, Defendant visited the UNC Hospital emergency room complaining of back pain. After a medical assessment, Dr. Katherine Scott treated Defendant with ten milligrams of oxycodone/APAP, the generic version of Percocet, and prescribed him six Percocet to relieve his pain until his next primary care physician visit.

On 28 December 2009, Defendant took the prescription to Pittsboro Discount Drugs in Chatham County. The prescription the pharmacist, Dr. Gregory Vassie, received was for sixty Percocet, not six as originally prescribed. Dr. Vassie filled the prescription with sixty pills of oxycodone/APAP. He weighed similar pills from a different batch and determined that each such pill weighed .525 grams, with sixty pills totaling 31.50 grams.

The next morning, Dr. Vassie listened to a message on the store's answering machine from an anonymous female caller stating that Defendant had altered the prescription filled by Dr. Vassie the previous day. Dr. Vassie received another call from the same anonymous female caller later that morning with the same message. Dr. Vassie then called Dr. Scott's office to check the validity of the prescription. Dr. Scott's office confirmed the prescription was for six Percocet, not sixty. Dr. Vassie then examined the prescription more closely and determined it had been altered from six to sixty pills. He called Detective Brandon Jones, supervisor of the Chatham County Narcotics Unit, who further investigated the matter.

On 22 February 2010, the Chatham County Grand Jury indicted Defendant for obtaining a controlled substance by fraud in violation of N.C. Gen. Stat. § 90-108(a) and trafficking in opium by possession of more than twenty-eight grams of opium in violation of N.C. Gen. Stat. § 90-95(h)(4). On 11 October 2010, Defendant was charged in a superseding indictment with the same offenses.

Defendant was tried during the 11 October 2010 Criminal Session of Chatham County Superior Court, the Honorable Carl Fox presiding. Before trial, Defendant filed a motion to dismiss the trafficking charge, arguing the rule of lenity required him to be prosecuted for

his possession of sixty oxycodone/APAP pills under N.C. Gen. Stat. § 90-95(d)(2) and not under § 90-95(h)(4). Defendant also filed a motion *in limine* to limit expert testimony identifying the pills as oxycodone/APAP based solely on visual inspection. The court denied both of Defendant's motions.

After the State had presented most of its evidence at trial, Defendant agreed to plead guilty pursuant to a plea agreement. On 13 October 2010, Defendant entered an *Alford* plea of guilty to the Class I felony of obtaining a controlled substance by fraud and the Class E felony of trafficking by possession of more than fourteen and less than twenty-eight grams of opium. Defendant's plea agreement provided that he preserved the right to appeal the denial of his motion to dismiss and motion *in limine*. Pursuant to the agreement, the court imposed active, concurrent sentences of four to five months and 90 to 117 months imprisonment and a $100,000 fine. Defendant gave notice of appeal in open court after sentencing.

## II. Analysis

### a. Right to Appeal

[1] As a threshold matter, we first address whether Defendant has a right to appeal from his guilty plea. A "defendant is not entitled as a matter of right to appellate review of his contention that the trial court improperly accepted his guilty plea." *Bolinger*, 320 N.C. at 601, 359 S.E.2d at 462. A defendant who pleads guilty has a right of appeal limited to the following:

(1) Whether the sentence "is supported by the evidence." This issue is appealable only if his minimum term of imprisonment does not fall within the presumptive range. N.C. Gen. Stat. § 15A-1444(a1) (2001);

(2) Whether the sentence "results from an incorrect finding of the defendant's prior record level under G.S. 15A-1340.14 or the defendant's prior conviction level under G.S. 15A-1340.21." N.C. Gen. Stat. § 15A-1444(a2)(1) (2001);

(3) Whether the sentence contains a type of sentence disposition that is not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level; N.C. Gen. Stat. § 15A-1444(a2)(2) (2001);

(4) Whether the sentence "contains a term of imprisonment that is for a duration not authorized by G.S. 15A-1340.17 or G.S.

15A-1340.23 for the defendant's class of offense and prior record or conviction level." N.C. Gen. Stat. § 15A-1444(a2)(3) (2001);

(5)  Whether the trial court improperly denied defendant's motion to suppress. N.C. Gen. Stat. §§ 15A-979(b)(2001), 15A-1444(e) (2001);

(6)  Whether the trial court improperly denied defendant's motion to withdraw his guilty plea. N.C. Gen. Stat. § 15A-1444(e).

*State v. Jamerson*, 161 N.C. App. 527, 528-29, 588 S.E.2d 545, 546-47 (2003). Notwithstanding these statutory guidelines, however, our Supreme Court has held that when a trial court improperly accepts a guilty plea, the defendant "may obtain appellate review of this issue only upon grant of a writ of certiorari." *Bolinger*, 320 N.C. at 601, 359 S.E.2d at 462; *see also* N.C. Gen. Stat. § 15A-1444(e) (2009) (A defendant is not entitled to appellate review as a matter of right when he has entered a plea of guilty or no contest to a criminal charge in the superior court with certain exceptions, "but he may petition the appellate division for review by writ of certiorari.").

Here, Defendant did not have an appeal as of right from his guilty plea. However, his challenge that his plea was improperly accepted because it was not the product of informed choice and did not provide him the benefit of his bargain is a procedural challenge to the guilty plea for which he may petition this Court for writ of certiorari under *Bolinger. See* N.C. Gen. Stat. § 15A-1022(b) (2009) (stating that a trial "judge may not accept a plea of guilty . . . from a defendant without first determining that the plea is a product of informed choice"); *see also State v. Jones*, 161 N.C. App. 60, 63, 588 S.E.2d 5, 8 (2003) (reviewing whether defendant received "the benefit of his bargain" after pleading guilty), *rev'd in part on other grounds*, 358 N.C. 473, 598 S.E.2d 125 (2004). Defendant properly petitioned this Court for certiorari, and, therefore, we grant certiorari to review whether the trial court erred in accepting Defendant's guilty plea.

The State argues, however, that *Bolinger* does not control. The State contends the *Bolinger* Court reviewed the merits of the defendant's claim only because neither party recognized the limited bases for appellate review of judgments entered upon guilty pleas. It is true the *Bolinger* Court noted the defendant was not entitled to an appeal from his guilty plea, however, the Court nonetheless determined that review was still available based on a petition for writ of certiorari:

[A]ccording to N.C.G.S. § 15A-1444 defendant is not entitled as a matter of right to appellate review of his contention that the trial court improperly accepted his guilty plea. *Defendant may obtain appellate review of this issue only upon grant of a writ of certiorari.* Because defendant in the instant case failed to petition this Court for a writ of certiorari, he is therefore not entitled to review of the issue.

Neither party to this appeal appears to have recognized the limited bases for appellate review of judgments entered upon pleas of guilty. For this reason, we nevertheless choose to review the merits of defendant's contention.

*Bolinger*, 320 N.C. at 601-02, 359 S.E.2d at 462 (emphasis added). Here, as the State properly contends, both parties have acknowledged Defendant has no appeal as of right from his guilty plea. However, unlike the defendant in *Bolinger*, Defendant here *did* petition this Court for a writ of certiorari, and we now exercise our discretion to grant Defendant's petition.

The State further argues that *Bolinger* does not control because it does not address Rule 21 of the North Carolina Rules of Appellate Procedure. Rule 21 limits this Court to issuing a writ of certiorari

in appropriate circumstances . . . to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action, or when no right of appeal from an interlocutory order exists, or for review pursuant to G.S. 15A-1422(c)(3) of an order of the trial court denying a motion for appropriate relief.

N.C. R. App. P. 21(a)(1). The State directs this Court to Judge Thornburg's concurrence in *State v. Carter*, 167 N.C. App. 582, 587, 605 S.E.2d 676, 680 (2004) (Thornburg, J., concurring), in which he states, because the *Bolinger* Court did not address the applicability of Rule 21, "it does not appear the Court in *Bolinger* intended to sanction a general exception to our appellate rules." The State further points out two conflicting lines of opinions by this Court and urges this Court to follow *State v. Dickson*, 151 N.C. App. 136, 564 S.E.2d 640 (2002), and its progeny. These cases recognize the limited ability of this Court under Rule 21 to grant certiorari, thereby requiring dismissal of appeals based on guilty plea procedures. However, as this Court recognized in *State v. Rhodes*, this Court's opinions in *Dickson* and its progeny cannot overrule *Bolinger*, a holding from the Supreme Court, which specifically allows petitioning for certiorari when chal-

lenging guilty plea procedures. 163 N.C. App. 191, 193-94, 592 S.E.2d 731, 732-33 (2004). Only the Supreme Court can revisit that holding. *Id.* at 194, 592 S.E.2d at 733; *see also Cannon v. Miller*, 313 N.C. 324, 324, 327 S.E.2d 888, 888 (1985) (The Court of Appeals has a "responsibility to follow" decisions of the North Carolina Supreme Court, until otherwise ordered by the Supreme Court.). As the issue at hand falls squarely within whether the trial judge followed proper procedure in accepting Defendant's guilty plea, we grant certiorari.

**b.  Benefit of Plea Bargain**

[2] As for Defendant's challenge to the procedure in accepting his guilty plea, he argues his plea was not the product of informed choice because he cannot get the benefit of his plea bargain as he was promised. We agree. This issue presents a question of law, and, as such, is reviewed *de novo*. *See Al Smith Buick Co., Inc. v. Mazda Motor of Am., Inc.*, 122 N.C. App. 429, 433, 470 S.E.2d 552, 554, *writ denied sub nom*, 343 N.C. 749, 473 S.E.2d 609 (1996).

A defendant who pleads guilty is "entitled to receive the benefit of his bargain." *Jones*, 161 N.C. App. at 63, 588 S.E.2d at 8 (quoting *State v. Wall*, 348 N.C. 671, 676, 502 S.E.2d 585, 588 (1998)). In *Jones*, the defendant pled guilty on the condition that appellate review of his writ of habeas corpus, motion to suppress, and motion to dismiss would be preserved. *Id.* at 61, 588 S.E.2d at 7. This Court, however, lacked jurisdiction to review the denial of the defendant's writ of habeas corpus or motion to dismiss, either by appeal as of right or by granting certiorari. *Id.* at 62, 588 S.E.2d at 7. This Court held that "[a]lthough defendant and the State agreed he could appeal the delineated issues, jurisdiction [could not] be conferred by consent where it does not otherwise exist."[1] *Id.* at 61, 588 S.E.2d at 7 (internal citation and quotation marks omitted).

We recognize that if a defendant does not have an appeal of right, our statute provides for the defendant to seek appellate review by fil-

---

1. The State contends this case is controlled not by *Jones* relying on *Wall* but by *State v. Rinehart*, where this Court dismissed a defendant's appeal of a plea bargain that improperly preserved defendant's right to appeal the denial of his pretrial motions to dismiss on double jeopardy and speedy trial grounds. *State v. Rinehart*, 195 N.C. App. 774, 673 S.E.2d 769, *appeal dismissed, review denied*, 363 N.C. 380, 680 S.E.2d 204 (2009). In *Rinehart*, this Court stated that *Wall* is "distinguishable from the facts of the present case because the State in *Wall* had, and exercised, its right to appeal from the judgment; in the present case, defendant has no right to appeal." *Id.* at 776 n.1, 673 S.E.2d at 771 n.1. Here, however, as discussed in part a above, Defendant did have a right to appeal his guilty plea procedures pursuant to *Bolinger*, and, thus, this case is analogous to *Wall* and distinguishable from *Rinehart*.

ing a petition for writ of certiorari. N.C. Gen. Stat. § 15A-1444(e) (2009). However, as discussed above, Rule 21 and *Bolinger* provide the only bases upon which this Court may grant certiorari. If a defendant does not have an appeal as of right and we are not permitted under Rule 21 or *Bolinger* to grant certiorari on issues the defendant was promised would be preserved for appeal, then the plea agreement violates the law. *See State v. Smith*, 193 N.C. App. 739, 668 S.E.2d 612 (2008) (finding that a plea agreement improperly preserving appellate review of a denial of a motion to dismiss was unenforceable). In such a situation, the appellate court must place "the defendant back in the position he was in before he struck his bargain[.]" *Jones*, 161 N.C. App. at 63, 588 S.E.2d at 8. "[T]he appellate court should vacate the judgment and remand the case to the trial court where defendant 'may withdraw his guilty plea and proceed to trial on the criminal charges . . . [or] withdraw his plea and attempt to negotiate another plea agreement that does not violate [State law].' " *Id.* (quoting *Wall*, 348 N.C. at 676, 502 S.E.2d at 588 (alterations in original)).

Here, Defendant pled guilty on the condition that "his right to appeal the court's denial of his motion to dismiss and [] motion to limit expert testimony" was preserved. However, Defendant has no statutory right to appeal these motions. Furthermore, this Court cannot grant certiorari to review either of these motions as they do not qualify under either Rule 21 or *Bolinger*. Therefore, because there is no way for Defendant to achieve his end of the plea bargain, his plea bargain violated the law. Accordingly, we must place Defendant back in the position he was before he struck his bargain. Therefore, we vacate the judgment and remand this case to the trial court where Defendant may either withdraw his guilty plea and proceed to trial on the original charges or withdraw his plea and attempt to negotiate another plea agreement that does not violate North Carolina law.

## III. Conclusion

Because Defendant did not receive the benefit of his plea bargain, we vacate the judgment and remand to the trial court for further proceedings consistent with this opinion.

Vacated and remanded.

Judges McGEE and ELMORE concur.