An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1145

NORTH CAROLINA COURT OF APPEALS

Filed: 20 May 2014

STATE OF NORTH CAROLINA

v.

JACKIE EDWARD WATTS

New Hanover County
No. 11 CRS 054439

Appeal by Defendant from judgment entered 30 April 2013 by Judge Jack W. Jenkins in Superior Court, New Hanover County. Heard in the Court of Appeals 29 April 2014.

> *Attorney General Roy Cooper, by Special Deputy Attorney General Sharon Patrick-Wilson, for the State.*

> *Appellate Defender Staples Hughes, by Assistant Appellate Defender Kathleen M. Joyce, for Defendant-Appellant.*

McGEE, Judge.

Jackie Edward Watts ("Defendant") appeals from judgment entered upon his *Alford* plea of guilty to one count of trafficking by sale of opiates. For the reasons stated herein, we dismiss Defendant's appeal.

Defendant was arrested and charged with several drug trafficking offenses on 13 May 2011. Defendant was indicted on

18 July 2011 on four counts of trafficking in opiates, two counts of possession with intent to sell and deliver a controlled substance within 1,000 feet of a public park, and attempted trafficking in opiates by possession. Defendant was indicted for having attained the status of an habitual felon on 3 December 2012.

Defendant filed a *pro se* pre-trial motion on 31 January 2012 to dismiss based on violation of his right to a speedy trial. Defendant filed a *pro se* "writ of habeas corpus" on 8 June 2012, arguing that he was being illegally detained in jail. Defendant, through counsel, filed a motion on 28 January 2013, seeking relief due to the trial court's failure to hold a probable cause hearing. Defendant, through counsel, filed another motion on 1 February 2013 to dismiss based on violation of Defendant's right to a speedy trial.

Prior to trial, on 29 April 2013, the trial court denied Defendant's motions. After the denial of his motions, Defendant entered an *Alford* plea and reserved the right to appeal the denial of his motions to dismiss. Defendant was sentenced to a term of seventy to eighty-four months in prison. Defendant appeals.

Counsel appointed to represent Defendant has been unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal and asks that this Court conduct its own review of the record for possible prejudicial error. Counsel has also shown to the satisfaction of this Court that he has complied with the requirements of *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493 (1967), and *State v. Kinch*, 314 N.C. 99, 331 S.E.2d 665 (1985), by advising Defendant of his right to file written arguments with this Court and by providing Defendant with the documents necessary for him to do so.

Defendant has filed a *pro se* brief raising arguments concerning the denial of his motions to dismiss. However, Defendant's arguments concerning his motions to dismiss for violation of his right to speedy trial and for the trial court's failure to hold a probable cause hearing are not issues from which Defendant has an appeal of right as enumerated by N.C. Gen. Stat. § 15A-1444 (2013); *see also State v. Rinehart*, 195 N.C. App. 774, 776, 673 S.E.2d 769, 771 (2009) (dismissing a defendant's appeal of a plea agreement that improperly preserved defendant's right to appeal the denial of his pretrial motions to dismiss on double jeopardy and speedy trial grounds). Therefore, Defendant does not have a right of appeal.

Although Defendant has also filed a petition for writ of certiorari, this Court is without authority to issue a writ of certiorari to review these issues. *Rinehart*, 195 N.C. App. at 777, 673 S.E.2d at 771 (citations omitted) ("Because defendant has not failed to take timely action, is not appealing from an interlocutory order, and is not seeking review pursuant to N.C. Gen. Stat. § 15A-1422(c)(3), we are without authority to issue a writ of certiorari."). Accordingly, we dismiss Defendant's appeal.

Dismissed.

Judges ELMORE and DAVIS concur.

Report per Rule 30(e).