An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-163
NORTH CAROLINA COURT OF APPEALS

Filed: 1 July 2014

STATE OF NORTH CAROLINA

v.

JEFFERY JEVON BOGGS

Mecklenburg County
Nos. 12 CRS 206454-55

Appeal by Defendant from judgment entered 8 July 2013 by Judge W. Robert Bell in Mecklenburg County Superior Court. Heard in the Court of Appeals 4 June 2014.

*Attorney General Roy Cooper, by Assistant Attorney General Thomas O. Lawton III, for the State.*

*Amanada S. Zimmer for Defendant.*

STEPHENS, Judge.

On 12 February 2012, the Charlotte-Mecklenburg Police Department ("CMPD") received a call about a suspicious vehicle and two suspicious men. The caller reported that two African-American men had parked a silver Lincoln at an apartment complex on Electra Lane, then got out and changed their clothes nearby. An officer responding to the call determined that the Lincoln

had recently been stolen in an armed robbery. About 15-20 minutes later, other CMPD officers stopped two men fitting the descriptions given by the caller in an area about 200-300 yards from where the Lincoln was parked. During a pat-down, the officers discovered a Lincoln car key in the pocket of one of the men, Defendant Jeffery Jevon Boggs. The key was subsequently determined to belong to the stolen Lincoln.

On 5 March 2012, Defendant was indicted on one count each of robbery with a dangerous weapon and conspiracy to commit robbery with a dangerous weapon. On 5 July 2013, Defendant moved to suppress evidence obtained during the investigatory stop, contending that the search was unconstitutional because it exceeded the scope permitted under *Terry v. Ohio*, 392 U.S. 1, 20 L. Ed. 2d 889 (1968). The court denied the motion in open court on 8 July 2013. Defendant did not give notice of intent to appeal from the denial of his motion, and, the next day, entered guilty pleas pursuant to an agreement with the State without reserving his right to appeal the denial of his suppression motion. Under the agreement, the State dismissed charges pending against Defendant for attempting to obtain a controlled substance by fraud/forgery, obtaining a controlled substance by fraud/forgery, and misdemeanor larceny in exchange for

Defendant's guilty pleas to charges of robbery with a dangerous weapon and conspiracy to commit robbery with a dangerous weapon. The trial court consolidated the charges into a single judgment and sentenced Defendant to 55-78 months in prison as a prior record level I offender. Following entry of the sentence, Defendant's trial counsel stated in open court, "We would respectfully appeal the case."

Recognizing that his failure to give notice of his intent to appeal the denial of his motion to suppress before finalizing his plea negotiations with the State waived his right of direct appeal from that denial, on 11 February 2014, Defendant filed a petition for writ of *certiorari* with this Court. *See* N.C.R. App. P. 21; N.C. Gen. Stat. § 15A-1422(c)(3) (2013). The petition was referred to this panel by order entered 28 February 2014. We deny the petition and dismiss this appeal.

An order denying a motion to suppress evidence can be reviewed upon an appeal from a guilty plea. N.C. Gen. Stat. § 15A-979(b) (2013). However, "when a defendant intends to appeal from a suppression motion denial pursuant to [section] 15A-979(b), he must give notice of his intention to the prosecutor and the court before plea negotiations are finalized or he will waive the appeal of right provisions of the statute." *State v.*

*Reynolds*, 298 N.C. 380, 397, 259 S.E.2d 843, 853 (1979), *cert. denied*, 446 U.S. 941, 64 L. Ed. 2d 795 (1980).

> Once the defendant chooses to bypass the orderly procedure for litigating his constitutional claims in order to take the benefits, if any, of a plea of guilty, the State acquires a legitimate expectation of finality in the conviction thereby obtained.
>
> The logic of this appellate rule is based on a straightforward theory. Once a defendant strikes the most advantageous bargain possible with the prosecution, that bargain is incontestable by the state once judgment is final. If the defendant may first strike the plea bargain, lock in the State upon final judgment, and then appeal a previously denied suppression motion, it gets a second bite at the apple, a bite usually meant to be foreclosed by the plea bargain itself.
>
> We have previously observed that it is entirely inappropriate for either side to keep secret any attempt to appeal the conviction in circumstances like those before us. The appeals process is not meant to be played like three-card monte, as guessing games in this setting upset basic notions of fairness, and threaten the efficient administration of justice.

*State v. McBride*, 120 N.C. App. 623, 626, 463 S.E.2d 403, 405 (1995) (citations and internal quotation marks omitted), *affirmed per curiam*, 344 N.C. 623, 476 S.E.2d 106 (1996). In *McBride*, the Court further observed that it was "bound by the principle of *stare decisis*, which demands that like situations be treated in a consistent manner. In this case, both *Reynolds*

and [*State v.*] *Tew*[, 326 N.C. 732, 392 S.E.2d 603 (1990)] have set forth unequivocal rules concerning appeals made subsequent to a plea bargain. [The d]efendant has not complied with those rules." *Id.* Accordingly, the Court dismissed the purported appeal. *Id.*

Defendant cites *State v. Atwell*, 62 N.C. App. 643, 303 S.E.2d 402 (1983), in support of his contention that his writ should be allowed despite the lack of notice of intent to appeal. We disagree. As the State notes in its response to Defendant's petition, in *Atwell*, there was "at least some evidence that the district attorney's office and the [trial c]ourt had notice of a possible appeal of the denial of the suppression motion before the guilty plea." *Id.* at 644-45, 303 S.E.2d at 404 (noting that an affidavit from a co-defendant's counsel stated he had heard discussion of appeal from the suppression order involving the district attorney and the district attorney indicated that he had "not been surprised by" the attempt to appeal from the suppression order). The Court found this evidence decisive in departing from the general rule, observing that "[t]his distinguishes this case from *Reynolds*, where there was no such evidence." *Id.* at 645, 303 S.E.2d at 404.

Here, unlike in *Atwell*, there is no suggestion, let alone any evidence, that the trial court or district attorney were aware that Defendant intended to appeal. Instead, Defendant asserts that we should grant his petition for writ of *certiorari* because (1) Defendant's counsel provided him ineffective assistance in failing to give notice of Defendant's intent to appeal the suppression motion before allowing Defendant to enter into his plea agreement with the State, and (2) his "guilty plea was clearly premised on his right to obtain appellate review of the denial of the motion to suppress." As for the first assertion, the proper procedure for Defendant to raise this issue is to file a motion for appropriate relief in superior court.

As for the second assertion, it is plainly not "clear" that Defendant entered his guilty plea because he believed he could appeal the suppression order. The record equally suggests that Defendant entered the plea to obtain dismissal of the other charges then pending against him. To read Defendant's suggested intent into the circumstances here would effectively gut our existing procedures and case law on this issue since all guilty pleas following denials of motions to suppress would have to be assumed contingent on the right to appeal those denials. The

case cited by Defendant in support of this argument, *State v. Demaio*, 216 N.C. App. 558, 716 S.E.2d 863 (2011), is inapposite. *Demaio* did not involve a suppression order at all, but rather concerned a defendant's right to appeal from a guilty plea which he argued "was not an informed choice since he did not receive the benefit of his plea bargain."  *Id.* at 560, 716 S.E.2d at 864.

Defendant has failed to preserve his right to appeal the denial of his motion to suppress, and, accordingly, his appeal is

DISMISSED.

Judges STROUD and MCCULLOUGH concur.

Report per Rule 30(e).